## In re W. P. WILLIAMS OIL CORPORATION.

(District Court, W. D. Kentucky. April 24, 1920.)

1. **Bankruptcy** ⬅346—**Court may determine accuracy or justice of tax due United States.**

   Bankruptcy Act, § 64a (Comp. St. § 9648), providing that, if any question arises as to the amount or legality of a tax, it shall be heard and determined by the court, applies to taxes due the United States, and the trustee may resist such a tax, and have the accuracy or justice of the claim therefor determined by the bankruptcy court, instead of paying the tax and filing claim for refund.

2. **Bankruptcy** ⬅346—**Statute cannot be abrogated by administrative regulations.**

   Regulations made by the Commissioner of Internal Revenue with the approval of the Secretary of the Treasury, pursuant to Revenue Act Feb. 24, 1919, § 1316a (Comp. St. Ann. Supp. 1919, § 5944), cannot nullify Bankruptcy Act, § 64a (Comp. St. § 9648), authorizing the bankruptcy court to determine questions as to the amount or legality of any tax due and owing by the bankrupt.

In Bankruptcy. In the matter of the W. P. Williams Oil Corporation, bankrupt. On petition for review of ruling of referee. Ruling reversed, with directions.

D. A. Sachs, Jr., of Louisville, Ky., for trustee.

W. V. Gregory, U. S. Dist. Atty., of Louisville, Ky., for collector.

WALTER EVANS, District Judge. The adjudication in this case was made on December 19, 1919. On January 14, 1920, Elwood Hamilton, collector of internal revenue, filed proof of the claim of the United States for income taxes alleged to be due from the bankrupt. This proof was in regular form, and the claim was thereupon allowed. On January 20, 1920, the trustee in bankruptcy filed a petition praying for a re-examination of the claim thus presented by the United States. On February 4, 1920, the collector of internal revenue moved to dismiss the trustee's petition for re-examination. On March 19, 1920, the referee sustained that motion, and this petition, asking a review of that order, was thereupon filed in due course.

[1] It can hardly be denied that the proceedings up to this point were in exact conformity to the usual practice in bankruptcy cases, but it is insisted now on behalf of the United States that the only way to raise a question, even in the bankruptcy court, respecting the validity of the taxes claimed by the United States, is for the trustee to pay the taxes and file a claim for the refunding thereof. Many authorities have been cited which establish the general rule that, in cases other than those in bankruptcy, it is necessary under the law to pay the taxes and then petition the Commissioner for a refunding thereof, before an action can be brought for their recovery. Undoubtedly this is the general rule, where there is no bankruptcy proceeding; but the question here is whether, when there is a bankruptcy proceeding, other rules must not be applied and other statutes observed and enforced?

Although the proof of debt against the bankrupt was filed in the

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

proper way by the proper officer for the United States, it is now insisted on its behalf that the defensive movement made by the trustee is not within the jurisdiction of the court. In other words, it is insisted, somewhat illogically, it may be, that while the United States may come in and prove its claim in bankruptcy, and have it allowed, the bankruptcy court is without any jurisdiction to question the accuracy or the justice of the claim thus presented against the bankrupt's estate.

It should not escape attention that no part of the taxes has been paid, and, of course, therefore, the trustee in bankruptcy has made no effort to sue the collector. The trustee only resists a claim proved in behalf of the government, to be paid, if found proper, out of the bankrupt's assets in due course. The contention that, while the United States might sue to recover any taxes due (as in effect it did when it proved its claim), the person whose assets are sought to be subjected to the taxes cannot make any defense until he has paid them, and sought to have a refunding in the way suggested by an application to the Commissioner of Internal Revenue, is wholly unmaintainable in a bankruptcy proceeding.

It was the intention of the Bankruptcy Act (Comp. St. §§ 9585–9656) that estates should be promptly wound up. To require the sort of procedure suggested here would make it impossible to say when there could be a winding up of a bankruptcy proceeding and a distribution of the assets. The trustee, in paying out the bankrupt's estate, must always act under the order of the referee or the court, and without such order could not pay the taxes now involved out of the bankrupt's assets. The contention on behalf of the government would require, first, an order of that character; second, a payment in full of the taxes claimed out of those assets; third, an application to the Commissioner of Internal Revenue under section 1316a of the Revenue Act (Comp. St. Ann. Supp. 1919, § 5944), approved February 24, 1919, for the refunding of the amount so paid; fourth, a delay almost certainly of six months for the Commissioner to act on the application; and, fifth, a suit at law for the recovery of the amount, if the refunding is refused—all while the bankruptcy proceeding stood practically still.

In this case, if the United States has any priority, it can easily be ascertained in this proceeding, and it was never intended, in a case like this, that there should be any such delay as that indicated. This is demonstrated by the express provision of section 64a of the Bankruptcy Act (Comp. St. § 9648), which reads as follows:

"The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, state, county, district, or municipality in advance of the payment of dividends to creditors, and upon filing the receipts of the proper public officers for such payment he shall be credited with the amount thereof, and in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court."

As is obvious, this statute embraces taxes due the United States, as well as those due states and municipalities, and it is expressly provided

that all questions raised upon such claims shall be determined in the bankruptcy court. This situation would seem to leave no doubt about what course should be pursued at this stage. As we have said, many authorities were cited; but they seem to us to have no bearing on the real questions involved here, with one exception, namely, the case of In re Fisher (D. C.) 229 Fed. 316, cited for the trustee.

[2] Insistence is made in behalf of the United States that certain regulations made by the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, should nullify the provisions of section 64a of the Bankruptcy Act. It is altogether true that the Revenue Act does, and properly does, authorize generally the making of regulations by the Commissioner; but the Commissioner is not given authority by a regulation to nullify or in any way to interfere with statutory provisions respecting other matters, such as section 64a. Any construction that would give the Commissioner's regulations any broader significance or force than is authorized by the Revenue Act would be inadmissible.

It seems to the court to be entirely obvious that it was the purpose of section 64a to have such matters as are therein referred to settled promptly in the bankruptcy proceeding itself. Here the claim of the United States was filed voluntarily and properly. Its appearance was thereby entered in the bankruptcy case. Its claim was allowed, but the trustee, as he had a perfect right to do, has asked for its re-examination, so that the justness of the claim of the United States may be examined into under the provisions of the section. The referee concluded that the bankruptcy court had no jurisdiction to do this. We think this conclusion of the referee was erroneous, and the order sought to be reviewed will therefore be reversed, with directions to re-examine the claim on behalf of the United States, and ascertain the correct amount due thereon.

Of course it is obvious that this opinion in no way passes upon any question of law or of fact that may be raised in the further proceedings in this court, either before the referee or here. All we decide is that under section 64a the court has the power, and it is its duty, to examine into any question which may arise as to the amount or the legality of the taxation claimed—that being precisely what section 64a authorizes the bankruptcy court to do.

A decree accordingly will be entered.