In re ANDERSON.

Ex parte EDWARDS, Internal Revenue Collector.

(District Court, S. D. New York. June 23, 1921.)

No. 804.

Bankruptcy ⊂═346—Court has jurisdiction to liquidate taxes claimed by United States.

Under Bankruptcy Act, § 64a (Comp. St. § 9648), providing that the court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, etc., in advance of payment of dividends, "and in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court," while the United States is not required to file a claim for taxes, in the absence of any action on its part, the court has jurisdiction to proceed in invitum to liquidate any such tax, and notice to the collector of internal revenue for the district is sufficient as a condition precedent to such proceeding.

In Bankruptcy. In the matter of Alma Newton Anderson, bankrupt. On petition of William H. Edwards, Collector of Internal Revenue, to review decision of referee. Affirmed.

The order adjudged that the income tax levied upon the bankrupt for the year 1917 was in fact not properly laid, that the United States had no claim, and that it should be barred from asserting a claim against the estate. The bankrupt's income tax had been levied on a return made by her in 1918. The adjudication (voluntary) was made on October 17, 1918, and the United States never filed any proof of claim. On January 7, 1921, more than two years

after adjudication, the trustee served notice upon the local collector of internal revenue of a motion to bar the United States because the tax asserted to be due was not so in fact. The United States attorney appeared specially to object to jurisdiction, but the referee overruled his objection, proceeded to liquidate the claim and after taking evidence held that the bankrupt had been improperly taxed. Thereupon he passed an order so declaring and foreclosing the United States from setting up the claim thereafter.

Russell N. Shaw, of Washington, D. C., and Edward F. Unger, of New York City, for the United States.
Eugene M. Gregory, of New York City, for the trustee.

LEARNED HAND, District Judge (after stating the facts as above). The first question is of jurisdiction. Under the act of 1867 (Act March 2, 1867, c. 176, 14 Stat. 517), Judge Wallace held that the United States was not bound to file any proof of debt and might later hold a trustee under Revised Statutes, § 3467 (Comp. St. § 6373), who had distributed the estate with notice of the claim. United States v. Barnes (C. C.) 31 Fed. 705. Judge Gresham held the opposite in United States v. Murphy (C. C.) 15 Fed. 589. Judge J. B. McPherson in Re Stoever (D. C.) 127 Fed. 394, allowed the United States to prove a claim under the act of 1898 more than a year after adjudication, on the theory that section 57n (Comp. St. § 9641) was a statute of limitation and did not bind the sovereign. Lewis v. United States, 92 U. S. 618, 23 L. Ed. 513, decided that under the act of 1867 the United States might sue to recover a debt without proving in bankruptcy and in disregard of the bankruptcy proceedings in toto. None of these cases deal with taxes.

Under the present act it has, however, been several times held that the bankruptcy court had jurisdiction directly to reassess or liquidate a tax, regardless of its conclusiveness under the domestic law or of the procedure established to review it. New Jersey v. Anderson, 203 U. S. 483, 493, 494, 27 Sup. Ct. 137, 51 L. Ed. 284; In re W. P. Williams Oil Corp. (D. C.) 265 Fed. 401; In re United Five and Ten Cent Stores (D. C.) 242 Fed. 1005. In all these cases the point came up upon claim filed by the taxing power, and therefore this question of jurisdiction did not arise; still the power of the bankruptcy court over the subject-matter is settled.

The case turns upon the implications necessarily to be drawn from section 64a of the present act (Comp. St. § 9648). It provides:

"The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, state, county, district, or municipality in advance of the payment of dividends to creditors, and upon filing the receipts of the proper public officers for such payment he shall be credited with the amount thereof, and in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court."

The section shows that taxes are treated as quite different from dividends, as payments to be made before the distribution proper of the estate takes place. Lewis v. United States, supra, may still be law, and certainly no claim for taxes need be filed, but that has nothing to do with the question at bar. The section contemplates that the taxes

shall be liquidated and paid at once, a purpose which cannot be accomplished if the estate must wait some action by the taxing power. If the court has no power conclusively to decide the issues, it is obliged to hold up the administration until such time as the United States or a state may choose to proceed. It appears to me to be a necessary implication of the statute that some action may be taken in invitum.

It must be owned that as applied to a state whose assent to be sued cannot be implied from an act of Congress there are greater difficulties than in the case of the United States. I do not mean to say, however, that a state is sued within the meaning of the Eleventh Amendment if notice is given that a claim for taxes is to be liquidated, at least when the state has acquired no lien on the property. That question may be left till it arises. Here I am dealing with the United States, and it is only necessary to find in section 64a an implied consent to such notice, whatever it may be, as proceedings in bankruptcy require. Even assuming that jurisdiction must go as far as though the United States had a specific lien upon the property, still I think it an implication from the section that Congress meant to permit the United States to be drawn into the proceedings so far as necessary. Therefore I agree with the learned referee in believing that he had power to make a ruling which would protect the trustee in distribution, and the only remaining question is of the actual procedure which he adopted.

Notice was probably necessary, and at least a proper condition precedent to any action, and the normal person on whom to serve notice was the official charged with the duty of collecting taxes, he who would file the claim if one was filed. That official is the collector of internal revenue. It is he who serves notice on delinquents and receives all payments (R. S. §§ 3183, 3184 [Comp. St. §§ 5905, 5906]), and it is he who distrains and sells upon the distress (R. S. § 3187 et seq. [Comp. St. § 5909 et seq.]). There is at least no other conceivable official on whom notice could be served if he be not the man, and, if section 64a gives the court power on its own initiative to move at all, the procedure here adopted was the only one open.

I shall not review the actual liquidation of the tax by the referee, because I do not mean to hold the collector to it, if he wishes to contest the issues on the merits. The point of jurisdiction was certainly doubtful. If, therefore, the collector wishes to move before the referee within 10 days after the entry of an order on this opinion to dispute the merits with the trustee, he is free to do so, and the referee will receive his proof. If he does not choose to do so, the order will be affirmed unconditionally.

The order of the referee affirmed, unless within 10 days the collector files notice with the referee that he elects to contest the case upon the merits.