### In re UNIVERSAL RUBBER PRODUCTS CO.

District Court, W. D. Pennsylvania. January 20, 1928.

No. 9857.

1. **Bankruptcy ☞342—Trustee In bankruptcy, having secured order fixing amount of internal revenue tax, held not entitled to require repayment by government (Bankr. Act, § 57k [11 USCA § 93]).**

Trustee in bankruptcy, having by his own motion secured order of referee fixing amount of tax payable to collector of internal revenue, held, not entitled, under Bankruptcy Act, § 57k (11 USCA § 93), after nearly a year, to open such matter and require government to pay back part of amount paid, in absence of any allegation of fraud, accident, or mistake.

2. **Bankruptcy ☞341—Government held not entitled to file amended claims for tax against bankrupt estate, after failing to appeal from order fixing amount due.**

Where trustee in bankruptcy secured order fixing amount of tax payable to collector of internal revenue, which was not appealed from, government held, not entitled on trustee's subsequent attempt to open matter and require repayment, to file further amended claims for excise tax against bankrupt estate.

In Bankruptcy. In the matter of the Universal Rubber Products Company, bankrupt. On certificate to review an order of the referee, directing the Collector of Internal Revenue to refund to the trustee in bankruptcy a certain sum. Order directing refundment set aside. Government's petition to amend claim denied.

See, also, 15 F.(2d) 62.

Sturgis & Sturgis and E. C. Higbee, all of Uniontown, Pa., for exceptants.

H. M. Stephens, of New York City, for trustee.

SCHOONMAKER, District Judge. This case comes before the court on certificate to review an order of the referee in bankruptcy, directing the collector of internal revenue of the United States to refund to the trustee in bankruptcy the sum of $4,621.36, with interest thereon, which the referee found was wrongfully collected by the collector from the trustee as an excise tax. The facts, so far as they are necessary for an understanding of the question for review, are as follows:

An involuntary petition in bankruptcy was filed against the Universal Rubber Products Company on June 20, 1921. It contested the petition, but was finally adjudged a bankrupt on January 13, 1922. Thereafter, on April 20, 1922, the collector of internal revenue of the United States, located at Pittsburgh, filed a claim for excise tax and penalties, amounting to $35,985.99, for the period from December, 1918, to January, 1922, inclusive. On August 16, 1923, the same collector filed an amended claim for excise taxes and interest for the same period, $33,988.86, being a tax of $26,590.83, and interest computed to August 31, 1923, in the sum of $7,398.03. The trustees voluntarily paid the principal sum claimed by the government, $26,590.83, by check dated June 23, 1924, which check was credited on the books

of the collector of internal revenue on July 7, 1924. This payment was made by the trustee without authority from the referee in bankruptcy.

Thereafter, and on the 13th day of November, 1925, the trustee filed a petition with the referee, asking that the tax claim of the United States in excess of the amount already paid by the trustee—i. e., $26,590.83—be disallowed, and that the United States be forever disbarred from asserting any further claim on account of said alleged taxes. On this petition, a rule to show cause was granted upon the collector of internal revenue, but, although the rule was duly served, the collector did not answer. On December 1, 1925, and after the return day of the rule to show cause, the referee made an order disallowing the tax claim in excess of the amount already paid, namely, $26,590.83. This order was made at the request of the trustee. The collector of internal revenue took no exceptions thereto, and made no petition to review the same. On December 21, 1925, the trustee filed a claim with the Commissioner of Internal Revenue for a refundment of $4,621.36, on the ground that the bankrupt estate was not liable for excise taxes assessed on sales made subsequently to June 20, 1921, the date the petition in bankruptcy was filed. The Commissioner of Internal Revenue rejected this claim.

Thereupon, on October 23, 1926, the trustee filed a petition with the referee in bankruptcy, praying that the government's claim, which had theretofore been approved on December 1, 1925, at $26,590.83, be reconsidered and rejected as to all sums in excess of $20,970.94, and that the collector be required to refund the sum of $4,621.36, with interest thereon, to the trustee in bankruptcy. Upon this petition a rule to show cause issued, and the collector of internal revenue filed a motion to dismiss the petition, on the ground that the referee was without jurisdiction to grant any affirmative relief in favor of the trustee upon the petition. On December 15, 1926, the referee overruled this motion and directed the collector to refund the said sum to the trustee in bankruptcy, and the collector thereupon filed a petition to review the referee's order.

This petition for review came up before this court for argument, and on March 11, 1927, the court held that the referee had jurisdiction in the matter, overruled the motion of the government to dismiss the petition, and referred the case back to the referee, in order to permit the government to file such exceptions as it might have to the findings of fact made by the referee upon which the order of December 15, 1926, was based. The case then went back to the referee, who heard the parties and thereafter made a report to this court on the 23d day of September, 1927, reporting that the evidence then offered before him fully supported the facts upon which he based his order of December 15, 1926, but that the government at the same time, and at the same hearing, presented a petition for leave to file further amended claims for this excise tax against this bankrupt estate. The trustee objected to the filing of these amended claims, and the referee sustained his objections, refusing to file the same. On the submission of this report, the case was again argued before the court on the certificate to review the order of the referee of December 15, 1926, directing the refundment of $4,621.38, with interest.

The case presents a curious situation. We find, first, that the trustee in bankruptcy, without authority from the referee, paid excise taxes voluntarily to the collector in the sum of $26,590.83, on tax claims filed by the government, which amounted to the sum of $35,985.99. The matter rested that way for nearly six months, and then the trustee in bankruptcy came into court and asked that the claim of the government, as filed with the referee, be disallowed as to all claims of the government in excess of $26,590.81, and that the government be debarred from asserting any further claim on account of said taxes against the bankrupt estate. The referee so ordered; no exceptions were taken to this order; no petition to review it was filed; there has been no appeal therefrom. We thus have a case presented where the trustee himself, by his own motion having secured an order from the referee fixing the amount of this tax at $26,590.83, again petitions the referee on the 26th day of October, 1926, nearly a year after the fixing of the amount of the tax claim, to open this matter and require the government to pay back to him $4,621.36, and this without any allegation of fraud, accident, or mistake in the making of the order of December 1, 1925, which fixed the amount of this tax claim.

[1] We are of the opinion that the facts of this case do not justify the granting to the trustee of the relief he now seeks. We believe that the order of December 1, 1925, was a final adjudication of this tax claim, and that it is conclusive, both against the trustee in bankruptcy, who asked that it be entered, and against the collector against whom it was entered, without appeal. While it is true, as provided in section 57k of the Bankruptcy

Act, as amended (11 USCA § 93), that claims which have been allowed may be reconsidered for cause, and reallowed or rejected in whole or in part, according to the equities of the case, we do not find any case here presented which justifies the opening or setting aside of the order of December 1, 1925. The trustee in bankruptcy does not ask to have this order rescinded, nor does he show that he was in any way misled into seeking the same. He ought not, therefore, to be permitted again, nearly a year after the making of that order, to go into the computation of these taxes. There ought to be a time in the course of legal proceedings when the orders of court become final, and when the litigation in a particular matter is ended. It seems to the court that that particular time arrived in this case, when the order of December 1, 1925, was entered. While it may be true that this bankrupt estate ought not to pay excise tax on business transacted between the date of the filing of the petition and the time of adjudication, we believe it is too late now to raise that question; and we pass no opinion upon it.

[2] We further hold that the petition of the government, presented to the referee in June, 1927, for leave to file amended claims in this case, was presented at too late a date, because of the fact that the claim of the government was finally adjudicated by the order of December 1, 1925. On the whole case, we are of the opinion that no affirmative relief should be granted either to the trustee in bankruptcy or to the government.

We conclude, therefore, that the order of the referee directing the refundment should be overruled and set aside, and that the petition of the government to amend its claim should be denied. An order may be entered accordingly.