**In re UNIVERSAL RUBBER PRODUCTS CO.**

**STEPHENS v. HEINER, Collector of Internal Revenue, et al.**

Circuit Court of Appeals, Third Circuit.
September 11, 1928.

No. 3629.

See, also, 15 F.(2d) 62.

H. M. Stephens, of New York City, in pro. per.

John D. Meyer, U. S. Atty., and W. J. Aiken, Asst. U. S. Atty., both of Pittsburgh, Pa., A. T. Clark and C. M. Charest, both of Washington, D. C., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. In this case there are two appeals here from two orders of the District Court. The first order from which the trustee appealed was entered March 11, 1927, and the second January 20, 1928. They were argued together, and will be disposed of in a single opinion.

An involuntary petition in bankruptcy was filed in this case against the Universal Rubber Company on June 20, 1921. The company resisted the petition, but it was finally adjudged a bankrupt on January 13, 1922. On April 20, 1922, the collector of internal revenue filed a claim for excise taxes and penalties for the period from December, 1919, to January, 1922, inclusive, amounting to $35,985.99. An amended claim was filed on August 16, 1923, for the same period, for $33,988.86. Of this amount $26,590.83 was principal and $7,398.03 was interest. The then trustee, voluntarily and without the direction of the refereee, paid the principal of $26,590.83 on June 23, 1924. Matters remained in that condition until November 13, 1925, when the trustee filed a petition with the referee, praying that the tax claim of the United States in excess of $26,590.83, which had already been paid, be disallowed, and that the United States be enjoined from

asserting any further claim on account of these taxes. A rule to show cause was allowed and served on the collector, but he did not answer or pay any attention to it. On December 1, 1925 (the rule having been returned in the meantime), the referee made an order in accordance with the prayer of the petition of the trustee, disallowing any claim of the government for taxes in excess of the $26,590.83. On December 21, 1925, the trustee filed a claim with the Commissioner of Internal Revenue for a refund of $4,621.36, on the ground that the bankrupt estate was not liable for excise taxes assessed on sales made after June 20, 1921, when the petition in bankruptcy was filed. The Commissioner rejected this claim.

Nothing further seems to have been done by anybody until October 23, 1926, when the trustee filed a petition with the referee, praying that the government's claim, which had previously been adjudicated on December 1, 1925, to be $26,590.83, be reconsidered and rejected as to all sums in excess of $20,870.94, and that the collector be required to refund to him the sum of $4,621.36, with interest, on the same ground on which a refund had been claimed from the Commissioner on December 21, 1925. The collector filed a motion to dismiss the petition, on the ground that the referee was without jurisdiction to order a refund. On December 15, 1926, the referee overruled this motion and directed the collector to make the refund to the trustee in accordance with the prayer of the petition. Thereupon, on January 29, 1927, the collector filed a petition in the District Court to review the referee's order. The court entered an order on March 11, 1927, in which it held that the referee had jurisdiction to order the refund, but referred the case back to the referee, so as to give the government an opportunity to file such exceptions as it deemed proper to certain findings of fact made by the referee, with instructions to him to hear the exceptions and report to the court. The trustee appealed from that order to this court, but we declined at that time to hear the appeal, because it was from an interlocutory order. We retained it, however, until the entire case had been finally heard by the District Court and brought here for review.

On September 24, 1927, the referee reported to the court that the evidence supported the facts upon which he based his order of December 15, 1927. The case was again argued on the certificate of the referee to review the order, and the judge filed his opinion and order disposing of the case on January 20, 1928 [25 F.(2d) 168]. The second appeal to this court was taken from that order.

On the argument here, the trustee urgently insisted that the District Court had no authority to review the order of the referee of December 15, 1926, because the petition of the collector for that purpose was not filed in the District Court until January 29, 1926, more than 30 days after the order was entered, in violation of rule 15, section 8, of this court.

There is no statutory requirement that the petition to review an order of the referee be filed in the District Court within 30 days from the entry of the order, and the rule of this court to which the trustee referred relates to a petition filed in this court to revise an order in bankruptcy of the District Court, and not to a review of an order of the referee by the District Court. No time is specified in any statute or general order within which a petition for review of an order of a referee must be filed in the District Court. Courts generally have held that the application must be made within a reasonable time.

In some districts the courts have promulgated a rule fixing the time within which a petition to review must be filed. Where a rule exists it should be strictly followed. Ordinarily the time within which an appeal in bankruptcy will lie should govern the time within which a petition may be filed. Courts have not been rigid in enforcing the time limit for filing a petition for review. 1 Loveland on Bankruptcy, 222. The time within which a review of an order may be had is a matter within the discretion of the court, and an appellate court will not disturb such allowance, unless there has been manifest abuse of discretion, which we do not find in this case.

In his opinion, the learned District Judge said:

"The case presents a curious situation. we find, first, that the trustee in bankruptcy, without authority from the referee, paid excise taxes voluntarily to the collector in the sum of $26,590.83, on tax claims filed by the government, which amounted to the sum of $35,985.99. The matter rested that way for nearly six months, and then the trustee in bankruptcy came into court and asked that the claim of the government, as filed with the referee, be disallowed as to all claims of the government in excess of $26,590.83, and that the government be de-

barred from asserting any further claim on account of said taxes against the bankrupt estate. The referee so ordered; no exceptions were taken to this order; no petition to review it was filed; there has been no appeal therefrom. We thus have a case presented where the trustee himself, by his own motion having secured an order from the referee fixing the amount of this tax at $26,590.83, again petitions the referee on the 26th day of October, 1926, nearly a year after the fixing of the amount of the tax claim, to open this matter and require the government to pay back to him $4,621.-36, and this without any allegation of fraud, accident, or mistake in the making of the order of December 1, 1925, which fixed the amount of this tax claim.''

We find no error in his conclusions, and on his clear and concise opinion the order is affirmed.