## COHEN v. UNITED STATES.
## In re HENRY J. PERKINS CO.
### No. 226.

District Court, D. Massachusetts.
March 19, 1940.

Abraham Kamberg, of Springfield, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., and C. Keefe Hurley, Asst. U. S. Atty., both of Boston, Mass., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Andrew D. Sharpe, John J. Remey, and E. E. Angevine, Sp. Assts. to Atty. Gen., of counsel), for defendant.

### The Facts.

McLELLAN, District Judge.

This is a suit by a trustee in bankruptcy to recover alleged overpayments of income taxes for the calendar years 1929 and 1930. The case was submitted on the pleadings and upon agreed statements of facts. I adopt the facts so stipulated as my findings of fact. The plaintiff asserts that the Commissioner erred in various ways in the determination of taxes due from the bankrupt for the years 1929 and 1930. The defendant says, as one of its defenses, that the taxes in question were paid by the trustee in pursuance of an order of the referee, that no effort was made to secure a review of that order, or to have it set aside, and that the matters raised here are now fully adjudicated. The following facts suffice to indicate the legal problem involved:

During the calendar years 1929 and 1930, the Henry J. Perkins Company, a Massachusetts corporation, hereinafter called Perkins, was engaged in the wholesale fruit and produce business. Perkins seasonably filed its Federal income tax re-

turns for the years 1929 and 1930, disclosing a tax liability of $2,366.35 and $171.41 respectively. These amounts were duly paid in the years in which they became due, and no claim is now made for their refund. On January 30, 1933, Perkins was adjudicated a bankrupt, and Gerald J. Callahan, of Springfield, Massachusetts, was elected its trustee. On or about February 13, 1933, the Collector of Internal Revenue for the District of Massachusetts filed with the referee a proof of claim for additional income taxes for the years 1929 and 1930 in the sum of $7,759.30, together with interest at 6% per annum from January 30, 1933 to the date of payment. This claim was duly allowed by the referee and no review of his order allowing the claim was sought. Later in the year 1933, the trustee tried to compromise the additional taxes claimed, but his offer of compromise was refused. He then paid taxes and interest as follows:

Additional tax and interest for
 1929 ...................... $2,773.83
Interest at 6% from January 30,
 1933 ...................... 194.29

 Total (Paid June 21, 1934) 2,968.12
Additional tax and interest for
 1930 ...................... $4,985.47
Interest at 6% from January 30,
 1933 ...................... 367.11

 5,352.58

Paid as follows:
 May 1, 1934........ $2,461.37
 June 21, 1934...... 2,474.74
 May 1, 1934................ $5,352.58

These are substantially the amounts involved in this suit. On July 13, 1934, the referee marked "reconsidered and disallowed" on the claim. It has been stipulated that this was done as a matter of course, and in accordance with his usual practice, and does not indicate that he reopened the claim for further consideration of the merits. Neither side contends that this legend on the claim should not be treated as a nullity and I so treat it. (See second stipulation on file.) Mr. Callahan, the trustee, filed his first and final report December 4, 1934, and was discharged. The Henry J. Perkins Company was dissolved as of March 31, 1934.

Thereafter, on April 22, 1936, claims for refund covering the entire amounts set forth above were filed with the Collector of Internal Revenue at Boston, and signed by Gerald J. Callahan, former trustee in bankruptcy of Perkins, and by Louis E. Bauer, former president and treasurer of Perkins. These claims for refund were disallowed in full by the Commissioner April 16, 1937. On February 24, 1939, the estate of Perkins was reopened, and Justin Cohen, the plaintiff herein, was duly appointed trustee and his bond approved by the referee. Thereafter the 1929 and 1930 refund claims were reopened by the Commissioner and small amounts of interest paid were refunded to Cohen as trustee of Perkins. This suit is brought to recover the balance of the taxes paid as set forth above in 1934.

## Conclusions of Law.

■ The plaintiff is not entitled to maintain this suit. It is the Government's contention that the trustee in bankruptcy had a right to have the amount and legality of the taxes in question determined by the court at the time the claim was allowed, and that having failed to do so, the matter is now fully adjudicated. The trustee contends, on the other hand, that he has the same right as any other taxpayer to pay a tax claim and later bring suit to recover it. The controversy depends upon the construction of Section 64, sub. a, of the Bankruptcy Act of 1898, 11 U.S.C.A. § 104, sub. a, as it was in force in the years here involved. This section reads as follows:

"The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, State, county, district, or municipality, in the order of priority as set forth in paragraph (b) hereof: Provided, That no order shall be made for the payment of a tax assessed against real estate of a bankrupt in excess of the value of the interest of the bankrupt estate therein as determined by the court. Upon filing the receipts of the proper public officers for such payments the trustee shall be credited with the amounts thereof, and in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court."

■ In a long line of cases, beginning soon after the passage of the present Bankruptcy Act, it has been held that under this section, a trustee, unlike an ordinary taxpayer, is not obliged to pay a tax and then sue to get it back, but may have the amount and legality of any taxes due and owing

by the bankrupt determined at once by the bankruptcy court in the interest of speedy final distribution of the bankrupt estate. State of New Jersey v. Anderson, 203 U.S. 483, 27 S.Ct. 137, 51 L.Ed. 284; (State taxes) In re Williams Oil Corp., D.C., 265 F. 401; In re General Film Corp., 2 Cir., 274 F. 903; In re Anderson, D.C., 275 F. 397; In re Clayton Magazines, 2 Cir., 77 F.2d 852. In the Clayton case, the jurisdiction of the bankruptcy court, where deficiency assessments are made after adjudication, is referred to as "exclusive." In Re Universal Rubber Products Co., D.C., 25 F.2d 168, 169, the Government filed claims for $35,985.99. The trustee paid voluntarily $26,590.83. He then sought and obtained an order disallowing the remainder of the claim. Some six months later, he sought another order from the referee requiring the Commissioner to make a refund of some of the money already paid. The referee entered such an order, which was reversed by the district court. The court there said:

"We are of the opinion that the facts of this case do not justify the granting to the trustee of the relief he now seeks. We believe that the order of December 1, 1925, was a final adjudication of this tax claim, and that it is conclusive, both against the trustee in bankruptcy, who asked that it be entered, and against the collector against whom it was entered, without appeal. While it is true, as provided in section 57k of the Bankruptcy Act, as amended (11 U. S.C.A. sec. 93 [sub. k]), that claims which have been allowed may be reconsidered for cause, and reallowed or rejected in whole or in part, according to the equities of the case, we do not find any case here present-' ed which justifies the opening or setting aside of the order of December 1, 1925. The trustee in bankruptcy does not ask to have this order rescinded, nor does he show that he was in any way misled into seeking the same. He ought not, therefore, to be permitted again, nearly a year after the making of that order, to go into the computation of these taxes. There ought to be a time in the course of legal proceedings when the orders of court become final, and when the litigation in a particular matter is ended. It seems to the court that that particular time arrived in this case, when the order of December 1, 1925, was entered."

 While none of these authorities are directly decisive of the question here pre-sented, I think that the purpose of Congress in conferring power on courts of bankruptcy to determine all claims for taxes against a bankrupt estate, both state and federal, was to enable such estates to be liquidated as quickly as possible, and that when a claim for taxes has been presented and allowed and no action subsequently is taken to have the referee's order of allowance either reviewed or set aside, but instead the trustee pays the taxes in question, the matter must be regarded as finally settled and cannot be raised anew years later in a suit of this character.

In view of the decision here reached, it is unnecessary to consider the merits of the plaintiff's claim for refund.

Judgment may be entered for the defendant.