## COHEN v. UNITED STATES.

### No. 3612.

Circuit Court of Appeals, First Circuit.

Nov. 27, 1940.

Abraham Kamberg, of Springfield, Mass., for appellant.

Eugene E. Angevine, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., J. Louis Monarch and Helen R. Carloss, Sp. Assts. to Atty. Gen., and Edmund J. Brandon and C. Keefe Hurley, both of Boston, Mass., on the brief), for appellee.

Before MAGRUDER and MAHONEY, Circuit Judges, and SWEENEY, District Judge.

MAHONEY, Circuit Judge.

In this action a trustee in bankruptcy sought to recover alleged overpayments of income taxes for the calendar years 1929 and 1930. After the case had been heard on the pleadings and agreed statements of facts, judgment was entered for the government and the trustee has appealed.

The Henry J. Perkins Company, a Massachusetts corporation, was engaged in the wholesale fruit and produce business in the years 1929 and 1930. In its income tax returns filed for those years it disclosed a tax liability of $2,366.35 and $171.-41, respectively. These sums were duly paid and no claim for refund of them was made. On January 30, 1933, the company was adjudicated a bankrupt and Gerald J. Callahan was elected its trustee. The Collector of Internal Revenue for the District of Massachusetts, on February 20, 1933, filed with the referee in bankruptcy a proof of claim for additional income taxes for the years 1929 and 1930, assessed before the adjudication of bankruptcy in the sum of $7,759.30 together with interest at six per cent per annum from January 30, 1933, to the date of payment. This claim was duly allowed by the referee and no review of his order allowing the claim was sought. The order was never rescinded nor was any charge of fraud or mistake made as to its entry.

An offer by the trustee to compromise these additional taxes later in 1933 was refused, and in 1934 he paid taxes with interest in the total sum of $8,320.70. The trustee filed his first and final account on December 4, 1934, and was discharged. The company was dissolved as of March 31, 1934.

On April 22, 1936, claims for refund of the entire amount of the additional taxes paid for the years 1929 and 1930, and interest thereon, were seasonably filed with the Collector of Internal Revenue. They were signed by Gerald J. Callahan, former trustee in bankruptcy of the company, and by Louis E. Bauer, former president and treasurer of the company. They were disallowed in full by the Commissioner of Internal Revenue April 16, 1937. The estate of the Henry J. Perkins Company was reopened on February 24, 1939, and Justin Cohen, the plaintiff herein, was appointed and qualified as trustee. Some time after that the 1929 and 1930 claims for refund were reopened by the Commissioner and interest in the sum of $123.88 which had been paid was refunded to Cohen as trustee of the Henry J. Perkins Company. In April, 1939, he brought the suit as trustee of the Henry J. Perkins Company to recover the balance of the additional taxes and interest paid in 1934.

The government contends that where the proof of claim of the United States for taxes had been allowed by the referee in bankruptcy, and no petition for review had been filed, the adjudication of the amount and legality of the taxes became final, and this suit for refund cannot now be successfully prosecuted. The trustee argues that he has a right like any other taxpayer to pay the tax claim and later sue to recover it. The solution of the question presented involves the construction of Section 64, sub. a of the Bankruptcy Act of 1898 as amended, 44 Stat. 666, 11 U.S.C.A., § 104, sub. a[1].

The statute says that "in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court." It is our opinion that this provision gives exclusive jurisdiction to the bankruptcy court to determine the amount or legality of any such tax. It has long been settled that this section gives to the bankruptcy court plenary power to determine the amount or legality of any tax assessed against the bankrupt. New Jersey v. Anderson, 1906, 203 U.S. 483, 491, 492, 27 S.Ct. 137, 51 L.Ed. 284; In re Clayton Magazines, Inc., 2 Cir., 1935, 77 F.2d 852. It has also been held that the language of the section is mandatory. In re Florence Commercial Co., 9 Cir., 1927, 19 F.2d 468; In re Stavin, D.C.S.D. N.Y.1925, 12 F.2d 471.

Numerous cases have held that the trustee in bankruptcy may litigate the amount of tax liability before the referee rather than pay the tax and sue for refund. In re Clayton Magazines, Inc., supra; In re General Film Corporation, 2 Cir., 1921, 274 F. 903; In re W. P. Williams Oil Corporation, D.C.W.D.Ky.1920, 265 F. 401.

However, the question has never before arisen as to whether the statutory provision for determining tax liability before the referee is exclusive. Can the trustee fail to test or appeal from an order of the referee directing payment of the government's claim for taxes, pay the same, and two years later file a claim and bring suit for refund? We think not.

The purpose of Section 64, sub. a, is to aid the prompt administration of bankrupt estates. The delays incident to the ordinary procedure governing the collection of taxes are thus avoided and the early settlement of the bankrupt's estate is greatly facilitated. In re Sheinman, D.C.E.D.Pa. 1926, 14 F.2d 323; cf. In re Clayton Magazines, Inc., supra.

"The power of the bankruptcy court over the subject-matter is settled. * * * The section contemplates that the taxes shall be liquidated and paid at once, a purpose which cannot be accomplished if the estate must wait some action by the taxing

---

[1] "Sec. 64 [§ 104]. Debts which have priority. (a) The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, State, county, district, or municipality, in the order of priority as set forth in paragraph (b) hereof: Provided, That no order shall be made for the payment of a tax assessed against real estate of a bankrupt in excess of the value of

the interest of the bankrupt estate therein as determined by the court. Upon filing the receipts of the proper public officers for such payments the trustee shall be credited with the amounts thereof, and in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court."

power. If the court has no power conclusively to decide the issues, it is obliged to hold up the administration until such time as the United States or a state may choose to proceed." In re Anderson, D.C. S.D.N.Y.1921, 275 F. 397, 398, 399, affirmed, 2 Cir., 1922, 279 F. 525.

"It seems to the court to be entirely obvious that it was the purpose of section 64 [sub.] a to have such matters as are therein referred to settled promptly in the bankruptcy proceeding itself." In re W. P. Williams Oil Corporation, supra [265 F. 403].

In ordinary tax collection proceedings, the taxpayer pays under protest the tax assessed and files a claim for refund. Frequently there is a delay of several months before the Commissioner acts on the claim, and it is only after its disallowance that suit for recovery is brought. All of this points to delay in determining finally the validity of the tax. It is the intention of the Bankruptcy Act that estates be closed promptly. If the trustee should pay the tax under protest, file a claim for refund and sue to recover, then the bankruptcy proceedings would not be closed for a long time and the very purpose of the act would be defeated. In re Sheinman, supra; In re Universal Rubber Products Co., D.C. W.D.Pa.1928, 25 F.2d 168, affirmed 3 Cir., 1928, 28 F.2d 253; In re W. P. Williams Oil Corporation, supra; In re General Film Corporation, supra; In re Clayton Magazines, Inc., supra.

In re Sheinman, supra, held that the ordinary rules of procedure governing the collection of taxes against individuals such as payment under protest with a suit for recovery, do not apply to a trustee in bankruptcy, and the second circuit in In re Clayton Magazines, Inc., supra [77 F.2d 854] has declared that "if a deficiency is assessed after bankruptcy, the bankruptcy courts have exclusive jurisdiction of new claims for taxes". We cannot see any legitimate distinction between taxes assessed before or after bankruptcy where proof of claim must be filed in the bankruptcy proceedings. It is clearly the intention of Section 64, sub. a, that any controversy as to the amount or legality of any tax against a bankrupt should be promptly ascertained and determined be-

fore the first dividends are declared. In re Stavin, supra.

A further intimation that Congress intended the remedy to be exclusive is found in the provisions of Section 282(a) of the Revenue Act of 1926, 44 Stat. 62, 26 U.S. C.A. Int.Rev.Acts, pages 214, 215, and Section 274(a) of succeeding revenue acts, e. g., Revenue Act of 1936, 49 Stat. 1725, 26 U.S.C.A. Int.Rev.Acts, page 918, providing that no petition for any redetermination of a tax deficiency shall be filed with the Board of Tax Appeals after the adjudication of bankruptcy of a taxpayer. Full and complete opportunity is given to the trustee to try the question of tax liability on its merits before the referee, and in the light of the obvious intention of Congress through the Bankruptcy Act to protect fully the bankrupt's interest while expediting the settlement of his estate, we do not believe that Congress intended to allow the trustee to disregard the opportunities given by the Bankruptcy Act and rely on the provisions allowing suit for refund applicable to ordinary taxpayers. Such a result is the more just since it has been held that the United States cannot refrain from filing proof of claim in the expectation of suing the bankrupt for taxes in a later proceeding. In re Anderson, 2 Cir., 1922, 279 F. 525, 529.

In this case the statement of claim for taxes was filed by the Collector of Internal Revenue, and the trustee was entitled to a full hearing on it. Before it was allowed, he could have tested its validity and questioned the amount and legality of the taxes, but he did not avail himself of this right. Nor did he petition to review the order of the referee in allowing the claim. Any question as to the amount or legality of the taxes at once arose and came under the jurisdiction of the bankruptcy court when the proof of claim was filed, and should have been pressed to a hearing and determination in that court. The trustee failed to pursue such a course. This was a final adjudication of the tax claim and was conclusive against the trustee. In re Universal Rubber Products Co., supra. He cannot now be permitted to maintain his present action.

The judgment of the District Court is affirmed.