In re **QUID ME BROADCASTING, INC., Debtor.**

**Bankruptcy No. 89–12649 K.**

United States Bankruptcy Court, W.D. New York.

April 5, 1995.

Mark S. Wallach, Trustee, Penney, Maier, Mandel, Wallach & Crowe, Buffalo, NY.

Jennifer M. Blunt, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for I.R.S.

MICHAEL J. KAPLAN, Chief Judge.

In this Chapter 7 case, the trustee has objected to an administrative expense claim of the Internal Revenue Service ("I.R.S.") of $31,613.01.

Debtor, Quid Me Broadcasting, Inc. ("Quid Me"), operated a radio station in Buffalo

known as "WECK." In 1989, prior to filing for bankruptcy, Quid Me sold the radio station and its assets. The terms of the sale included a $600,000 unsecured promissory note to be paid over to Quid Me.

Later in 1989, Quid Me filed a Chapter 7 bankruptcy petition. The Chapter 7 trustee timely filed a tax return for 1989, which showed a tax liability of $88,394, mostly due to capital gains on the sale of the radio station. Not having sufficient assets in the estate, and waiting to administer the entire estate at once, the trustee did not pay the taxes when he filed the return.

At some point a few years later, the payments from the purchaser to the Debtor on the promissory note stopped, and in 1994, the Court approved a cash settlement on the remaining balance of the note. The trustee then filed amended tax returns for the tax years 1989–92 to reflect the loss carrybacks. The amended returns showed, and the I.R.S. agreed, that there was no income tax due for 1989. The I.R.S., however, filed a claim for $31,613.01, representing a Chapter 7 administrative expense for interest on the $88,-394.00 tax liability for the 1989 tax year which they say should have been paid at the time that the return was filed.

## ISSUE

Although the Chapter 7 trustee and the I.R.S. have argued and briefed a variety of issues, it is necessary to consider only one: whether a Chapter 7 trustee who is not an "operating" trustee according to 11 U.S.C. § 721 is obligated to pay to the I.R.S. administrative expense taxes when they are due,[1] or whether such tax payments must (in the absence of a court order) await complete administration of the bankruptcy estate and subsequent distribution under 11 U.S.C. § 726 and Bankruptcy Rule 3009. The Court need not address the question of whether administrative expense interest accrues on administrative tax liabilities, be-

cause in this case the Internal Revenue Service agrees with the amended tax returns which conclude that there is no underlying administrative tax liability in light of subsequent events. Put simply, the issue is whether it is the bankruptcy estate or the I.R.S. that was entitled to the use of the $88,394 while the trustee was performing his duty to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest."[2]

## DISCUSSION

■ In the Court's view, not only is there no requirement at law that a non-operating Chapter 7 trustee remit federal income tax payments when they would be due under applicable non-bankruptcy law, but in fact the governing statutes require that the trustee not do so unless an appropriate showing has been made to the Court to cause the Court to direct an "interim" distribution.

The practical consequences of the Internal Revenue Service's position in this case are well argued by the trustee in his supplemental letter memo of March 27, 1995. He states:

For sake of discussion, let us assume that the United States attains its goal and the Court classifies the 1989 tax as a Section 503(b)(1)(B) expense of administration. At the time of the filing of the 1989 return (on or about March 15, 1990) the Bankruptcy Estate had slightly upwards of $30,000.00 in its coffers with a reported tax due of approximately three times that amount. Had the Trustee remitted to the Internal Revenue Service every dime on deposit on March 15, 1990, he would have left the Estate without any funds with a large tax deficiency still due and owing. More to the point, however, is the fact that additional expenses of administration entitled

---

1. It will be assumed for the sake of argument only that the taxes in question are Chapter 7 administrative expense taxes. The Court renders no decision on that question.

2. 11 U.S.C. § 704(1). It should be noted that at the time that the trustee reported the $88,000 tax

liability, he had only approximately $30,000 in assets. Consequently, even the formulation expressed above is not totally accurate since at the time in question, the trustee did not have $88,-000 for either the bankruptcy estate or the Internal Revenue Service to use.

to the same distribution level as that of the Internal Revenue Service had accrued and would continue to accrue. Those expenses included accountant's fees, attorney's fees, Trustee's commissions, litigation disbursements and the like for which the Estate would have had no ability to pay. Clearly, this is not what Congress intended under 11 U.S.C. Section 726(b) when it provided for pro rata distribution to all creditors holding claims of similar class.

 ... [T]he Trustee should not be placed into the position of being a prophet with the ability to determine what assets will flow into the Bankruptcy Estate at some point in the future. He is constrained by Statute to make pro rata distribution in the event there are insufficient assets to cover claims in full. He must be afforded the luxury of waiting until case closing and final distribution to make certain that there are sufficient funds to cover all expenses of administration and therefore there can be no duty to timely remit [tax payments] despite a duty to file [tax returns].

Trustee's Supplemental Letter Memo at 4–5.

The trustee also explains that because all expenses accruing during the administrative period share the same priority, " 'the trustee acts negligently and at his own risk if he gives such taxes precedence over other administrative expenses, the same as if he paid his attorneys without considering his liabilities for other costs of administration, for instance, the wages of watchmen.' " Trustee's Supplemental Letter Memo at 5 (quoting 3A James W. Moore & Robert S. Oglebay, Collier on Bankruptcy ¶ 62.14, at 1533 (James W. Moore & Lawrence P. King eds., 14th ed. 1975) (footnotes omitted)).

The practical problems, then, of obedience to the I.R.S.'s demands are evident.[3] But the question still remains of whether any provision of law supports the position of one side or the other in the matter at bar.

■ The I.R.S. argues that a non-operating trustee has a statutory duty to pay taxes when due pursuant to 28 U.S.C. § 960 and 26 U.S.C. § 6012(b). As to 28 U.S.C. § 960, the I.R.S. recognizes that the trustee here was not authorized to operate the business of the Debtor under 11 U.S.C. § 721, but it cites cases recognizing that § 960 applies, at least in certain regards, to non-operating trustees whose activities or operations are of a taxable nature. The cases that the I.R.S. cites for that proposition, however, are cases that address the taxability of a non-operating trustee's activities, not the question of when accrued taxes must be paid. For example, *Ernst v. Iowa Dep't Revenue (In re Hubs Repair Shop, Inc.)*, 28 B.R. 858 (Bankr. N.D.Iowa 1983), merely established that 28 U.S.C. § 960 did not render a non-operating trustee immune from the assessment of retail sales taxes on bankruptcy liquidation sales of the debtor's tangible personal property; and *In re I.J. Knight Realty Corp.*, 501 F.2d 62 (3rd Cir.1974), similarly concluded that § 960 did not limit liability for income tax to "operating trustees" alone.

■ The issues addressed in those cases have long since been laid to rest. It is clear that with certain enumerated statutory exceptions, the activities of a non-operating Chapter 7 trustee are taxable and that the bankruptcy estate may be a taxable entity. That is not the question in this case. The question is by what authority is a non-operating Chapter 7 trustee required to remit taxes when due, in the face of the practical problems noted by the trustee in his letter brief.

■ The I.R.S. answers that since 26 U.S.C. § 6012(b)(3) requires the trustee to file the return that the corporation would otherwise have to file under § 6012(a)(2), then 26 U.S.C. § 6151(a) requires the trustee to pay at the time of filing. That provision states that any person required to make a return "shall, without assessment or notice and demand from the Secretary, pay such tax to the internal revenue officer with whom

---

**3.** Even if it were possible for the I.R.S. to promptly disgorge any payments that it received in excess of its pro rata share of administrative expense payments, the trustee would still face the problem of having no assets at hand with which to pay ongoing administrative expenses that cannot be deferred such as filing fees, transcript fees, and the maintenance of insurance, utilities, and other obligations necessary to the preservation of property until its liquidation.

the return is filed, and shall pay such tax at the time and place fixed for filing the return. . . ." That latter provision, however, does not specifically deal with trustees or fiduciaries and is inconsistent with provisions of the Bankruptcy Code that more specifically govern trustees' duties and responsibilities.

It has been long understood that general provisions of tax law must fall to specific provisions of the bankruptcy laws. In the case of *Cohen v. United States,* 115 F.2d 505 (1st Cir.1940), the court considered § 64 of the Bankruptcy Act of 1898, insofar as it addressed the priority and allowance of tax claims. The contemporary equivalents would be 11 U.S.C. § 505 on determination of tax liability, § 507(a)(8) with regard to priority pre-petition tax claims, and § 503 and § 507(a)(1) with regard to administrative expense tax claims. In *Cohen,* the court stated that,

> We cannot see any legitimate distinction between taxes assessed before or after bankruptcy where proof of claim must be filed in the bankruptcy proceedings. It is clearly the intention of Section 64, sub. a, that any controversy as to the amount or legality of any tax against a bankrupt should be promptly ascertained and determined before the first dividends are declared.
>
> . . . Full and complete opportunity is given to the trustee to try the question of tax liability on its merits before the referee, and in light of the obvious intention of Congress through the Bankruptcy Act to protect fully the bankrupt's interest while expediting the settlement of his estate, we do not believe that Congress intended to allow the trustee to disregard the opportunities given by the Bankruptcy Act and rely on the provisions allowing suit for refund applicable to ordinary taxpayers.

*Cohen,* 115 F.2d at 507 (citation omitted).

██ It is no different today. Even if the trustee had the means and inclination to have paid the $88,000 tax liability at the time he filed the tax return, he would have violated the Bankruptcy Code had he made the payment without approval of the Court. To the extent that 26 U.S.C. § 6151 might suggest the contrary, it must fall under the well-established principle that the terms of a more specific statute take precedence over those of a more general statute where both statutes speak to the same concern. *See Busic v. United States,* 446 U.S. 398, 406, 100 S.Ct. 1747, 1752–53, 64 L.Ed.2d 381 (1980); *Preiser v. Rodriguez,* 411 U.S. 475, 489–90, 93 S.Ct. 1827, 1836–37, 36 L.Ed.2d 439 (1973).

The more specific provisions of the Bankruptcy Code clearly must prevail. 11 U.S.C. § 503(a) states that, "An entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause." Consequently, for the I.R.S. to suggest that a non-operating trustee must pay administrative expense taxes before there has been any request therefor is problematic.

Additionally, the Bankruptcy Code contemplates that the Court will "allow" administrative expenses after notice and hearing, and "any tax incurred by the estate" is specifically required to be so approved. 11 U.S.C. § 503(b)(1)(B)(i). This bespeaks no authority on the part of the trustee to pay administrative taxes until they have been allowed and approved by the Court. When a trustee is an "operating" trustee, on the other hand, § 363 of the Code permits the trustee to use the property of the estate in the ordinary course of business, and this, together with 28 U.S.C. § 960 would presumably permit the trustee to pay taxes in the ordinary course of business without further specific approval of the Court.

██ Even stronger language lies in 11 U.S.C. § 726(a), which dictates that property of the estate shall be distributed "first in payment of claims of the kind specified in, and in the order specified in section 507 of this title" where proof of the claim was timely filed under § 501 or tardily filed before the date on which the trustee commences distribution. This language refers to that portion of § 507 that states that first priority is given to "administrative expenses allowed under section 503(b)." 11 U.S.C. § 507(a)(1). This sub-section reinforces the requirement that administrative expenses must be allowed before they may be paid in a non-operating Chapter 7 case.

In the absence of express approval by the Bankruptcy Court of specific expenses, or general approval by the Court in the form of an order permitting operation of the Debtor or other similar blanket authority to pay expenses in the ordinary course of administration, there is no provision of the Bankruptcy Code or Rules that would permit, let alone require, the trustee to disburse funds of the estate as the I.R.S. demands.

### CONCLUSION

The Court concludes that unless the I.R.S. or another party in interest seeks and obtains an order allowing the tax liabilities and directing an interim distribution, a non-operating Chapter 7 trustee has no duty to remit to the I.R.S. any payments for perceived administrative expense tax liabilities. Therefore, in this case in which it has now been determined that there is no underlying income tax liability to the I.R.S., and in which any administrative expense claimed by the I.R.S. for accrued interest could be based only on a duty to remit, and not on any underlying tax liability, the trustee's objection to such administrative expense claim for interest must be sustained. In other words, there can be no claim for interest on what is ultimately determined to be a non-existent liability in a non-operating Chapter 7 case.

It is imperative to note that today's holding does not constitute a declaration that administrative expense tax liabilities do not accrue interest while the estate is being administered. Unlike other categories of administrative expense, administrative taxes are the subject of a statute imposing interest. The case at bar is unique in that it has now been finally determined that there is no tax liability, and said statute can have no application. However, it is equally true that the Court does not today confirm that administrative expense tax liability is entitled to the accrual of interest. To the extent, if any, that that is in doubt, it must await a proper case.

SO ORDERED.

