In re Carolyn May **FANKHANEL,** Debtor.

Bankruptcy No. 97–37–8P7.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 25, 1997.

Carolyn Fankhanel, Pro Se, St. Petersburg, FL.

Charles Baer, Special Assistant, U.S. Attorney, Jacksonville, FL, for Movant.

Gordon Kiester, Tampa, FL, Trustee.

## ORDER ON UNITED STATES MOTION FOR RELIEF FROM THE AUTOMATIC STAY and ORDER ON RESPONSE AND OBJECTION TO THE GOVERNMENT'S MOTION FOR RELIEF AND MOTION FOR SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 7 liquidation case and the matters under consideration are a Motion for Relief from the Automatic Stay, filed by the United States of America (Government), and the Debtor's Response and Objection to the Government's Motion for Relief and Motion for Sanctions (Response). The Government seeks relief based on Section 362(d)(1) of the Bankruptcy Code which provides that "the court shall grant relief from the stay . . . for cause." Lifting of the stay would permit the Government to conclude litigation with Carolyn May Fankhanel (Debtor) which is currently pending in the United States Tax Court. The Debtor seeks sanctions and damages against the Government.

In support of its Motion, the Government contends that the Debtor had a previous Chapter 13 case in the Orlando Division of this Court, Case No. 93–2642–6C7, which was dismissed by the Court for bad faith filing. The Debtor's bad faith filing resulted from the Debtor's refusal to file Federal income tax returns (Govt.Exh.C). Additionally, the Government contends that the Debtor herself filed a Petition in the Tax Court seeking a determination of her tax liability for the tax years of 1983 to 1993 inclusive, the years for which the Debtor did not file a tax return (Govt.Exh.D & E) which proceeding is still pending.

On May 21, 1996, the Tax Court ordered the Debtor to exchange documents with the Government by September 15, 1996. (Govt.Exh.G). According to the Government, the Debtor failed to comply with that Order (Govt.Exh.H). On December 9, 1996, the Tax Court issued an Order directing the Debtor to show cause why her case should not be dismissed and why she should not be sanctioned for her willful disobedience of the May 21, 1996 Order. (Govt.Exh.I). On January 2, 1997, the Debtor filed the current Chapter 7 case with this Court which brought all proceedings in the Tax Court to a halt.

The Government contends that these facts are more than sufficient to lift the stay for cause. Additionally, the Government points out that this Chapter 7 is a no-asset case; thus, by lifting the stay, it would have no impact on the administration of the Debtor's case because: (1) the Government did not file a proof of claim in this case; (2) no rights of any creditors will be negatively impacted if the relief is granted; and (3) if, in fact, the Debtor is indebted to the Government, the debt would most likely be a nondischargeable obligation by virtue of Section 523(a)(1) of the Bankruptcy Code.

In sum, the Government contends this is nothing more than a two-party dispute which is already pending before the Tax Court; therefore, the Bankruptcy Court should decline to resolve the dispute between the Government and the Debtor. In support, the Government relies on *In re Millsaps*, 133 B.R. 547, 554–56 (Bankr.M.D.Fla.1991), *recommendation approved*, 138 B.R. 87 (M.D.Fla.1991); *In re Shapiro*, 188 B.R. 140, 143–50 (Bankr.E.D.Pa.1995); and *In re*

*Hunt,* 95 B.R. 442, 445–48 (Bankr.N.D.Tex. 1989).

The facts involved in *Millsaps,* although not exactly on point, are still helpful. The Court in *Millsaps* discussed at length the application of 11 U.S.C. 505(a)(1), which clearly empowers Bankruptcy Courts to determine the validity, extent, or legality of any tax owed by the Debtor that impacts the administration of the Debtor's estate. There is little question that this Court has jurisdiction to entertain the request to make such a determination. The relevant question is whether the Bankruptcy Court should exercise that jurisdiction.

The legislative history of Section 505(a)(1) indicates that Congress intended to refine the previous statute for the express purpose of providing a forum for rapid determination of claims so that disputed tax claims would not delay the conclusion of the administration of the bankruptcy estate. *In re Diez,* 45 B.R. 137, 139 (Bankr.S.D.Fla.1984), citing *Cohen v. United States,* 115 F.2d 505 (1st Cir. 1940). See also, Congressional Record Statements (Reform Act of 1978).

Congress did extend the jurisdiction of the Bankruptcy Court to determine the Debtor's personal tax liability under Section 505(a)(1). However, the debate in the House of Representatives leading to the passage of Section 505(a)(1) leaves no doubt that, when there is no need to determine a tax liability to administer the estate, Congress did not intend for the Bankruptcy Court to be the forum for this type of litigation. In the present case, it is not the Trustee of the estate who seeks the determination of tax liability relevant to the administration of estate. Here, it is the Government who seeks the determination of the tax liability in the Tax Court so that it can collect unpaid revenue, if any is due. The foregoing indicates that, while this Court has the power and jurisdiction to determine the Debtor's tax liability, it would not be appropriate to do so under the facts of this case.

In opposition to the relief sought by the Government, the Debtor filed her Response contesting the Government's Motion and seeking the imposition of sanctions and an award of damages against the Government. In paragraph 8 of the extensive six page Response, replete with numerous authorities, the Debtor contends that "[a]ll bankruptcy laws agree that a bankrupt corporation has no standing with the court and therefore this proceeding must be abated and financial sanctions ordered against Mr. Baer." The bankrupt corporation mentioned in the Debtor's Response ostensibly refers to the poor fiscal conditions and financial health of the Federal Government, a proposition supported by many.

Nevertheless, the Government is not a corporation and even if it were, there is no legal authority to support the proposition that an insolvent corporation is deprived of the right to seek appropriate relief in the Bankruptcy Court. If that would be the case, the Bankruptcy Court effectively would be put out of business because, with some very rare exception, all Debtors who seek relief in the Bankruptcy Court are bankrupt in the colloquial sense, that is, they are insolvent.

In addition, the Debtor relies on § 5059(a)(1) (sic), ostensibly referring to Section 505(a)(1)(2)(A) which, as noted earlier, authorizes the Bankruptcy Court to determine the amount or legality of any tax, fine, or penalty. In her attack of the Government's position, the Debtor contends that attorneys for the Government harassed her and acted in bad faith; that they are guilty of various and sundry misdeeds (including lying and sabotaging her attempt to obtain legal representation); and that they committed slander and liable. Further, the Debtor contends that she owes no taxes and she is merely exercising the rights bestowed upon her by the Bankruptcy Court. Additionally, the Debtor contends that she had a heinous experience in the Tax Court and that she has an absolute right to have this Court determine her tax liability. In support of her request for the imposition of sanctions, the Debtor alleges that the attorney for the Government, Mr. Charles Baer, violated the Rules of Professional Conduct and is guilty of a flagrant and unlawful violation of her due process and equal protection rights under the law, citing Rule 4–3.3(1), Rule 4–8.4(d), and Rule 3–5.1(b)(1)(e) of the Rules Regulating the Florida Bar.

This Court carefully considered the foregoing contentions of the Debtor and is satisfied that they are without merit concerning her right to have her tax liability determined by this Court. Concerning her request for the imposition of sanctions, there is not a scintilla of evidence presented to support this. Therefore, the Motion for Sanctions must also be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the United States' Motion for Relief From the Automatic Stay be, and the same is hereby, granted and the automatic stay is hereby lifted to allow the United States Tax Court case, *Fankhanel v. Commissioner*, Docket No. 2835–95, to continue for the purpose of determining Debtor's Title 26 liabilities to the United States. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Sanctions filed by the Debtor be, and the same is hereby, denied with prejudice.