BALDWIN LOCOMOTIVE WORKS v. McCOACH, Internal Revenue Collector.

McCOACH, Internal Revenue Collector, v. BALDWIN LOCOMOTIVE WORKS.

(Circuit Court of Appeals, Third Circuit. March 24, 1915.)

Nos. 1907, 1908.

1. INTERNAL REVENUE ⬦9—CORPORATE EXCISE TAX—DEDUCTIONS FROM INCOME—"EXPENSE OF THE BUSINESS."

Where a corporation sold mortgage bonds due in 30 years at a discount from their par value, the amount of the discount was not an "expense of the business," and could not be deducted from the income in computing the tax on the corporation's income for the years in which the bonds were issued, under Act Aug. 5, 1909, c. 6, § 38, 36 Stat. 112 (Comp. St. 1913, § 6301), providing that the net income shall be ascertained by deducting from the gross income all the ordinary and necessary expenses actually paid within the year out of the income in the maintenance and operation of the corporation's business and properties, since, if the cost of changing a part of the corporation's assets from credit into cash was an expense of the business, it would not be paid until the maturity of the bonds.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28; Dec. Dig. ⬦9.]

2. INTERNAL REVENUE ⬦9—CORPORATE EXCISE TAX—TAXABLE INCOME—"INCOME."

Where a corporation appraised certain property at a valuation higher than that at which such property had previously been carried on its books, and appraised other property not previously appraised, the apparent increase in the value of its property by reason thereof was not a part of its "income," subject to taxation under section 38 of the act, imposing on corporations a special excise tax, based on their net income.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28; Dec. Dig. ⬦9.

For other definitions, see Words and Phrases, First and Second Series, Income.]

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Action by the Baldwin Locomotive Works against William McCoach, Collector of Internal Revenue. Judgment for plaintiff (215 Fed. 967) for a part of the amount sued for, and both parties bring error. Affirmed.

John G. Johnson, of Philadelphia, Pa., for plaintiff.
Edward S. Kremp, of Reading, Pa., for defendant.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

J. B. McPHERSON, Circuit Judge. These writs of error require us to construe section 38 of the act of 1909, taxing the net income of corporations. The opinion of the District Court is reported in 215 Fed. at page 967. Several questions were raised below, but only two are before us, one on each writ. The undisputed facts are as follows:

In 1909, 1910, and the first six months of 1911, the Locomotive Works was manufacturing locomotives in Philadelphia, and made the returns of income required by the act. During this period there were

some changes of corporate form and corporate name, but they involved no real change of interest and require no special attention. The tax admitted to be due was paid, but the collector demanded, and on October 23, 1913, compelled the payment of, a large additional sum. After repayment had been properly sought and refused, the pending action was instituted.

[1] The corporation did not succeed in its effort to sustain a credit of $500,000, that was claimed as an expense of the business in 1910 and 1911. What happened was this: In 1910 the company sold certain mortgage bonds, whose par value was $10,000,000, but received therefor $500,000 less, and of this amount $100,000 was charged against income in 1910 and $400,000 in 1911. The bonds were dated April 30, 1910, and will be due April 30, 1940, thus extending over parts of 31 fiscal years. The government allowed $1/31$ of the discount as a proper charge against income for 1910, and half that amount against income for the first six months of 1911. The amount disallowed was $83,870.-96 for 1910, and $391,935.48 for 1911; the tax thereon being $4,758.-06. This is the first item in dispute, and we can add nothing of value to Judge Dickinson's excellent discussion. The reality of the transaction was that the corporation pledged its credit and its property for $10,000,000, and sold its promises to pay for $9,500,000. The sum thus received was, of course, not income, either gross or net; in effect, the transaction transmuted a part of the corporation's assets from credit or property into liquid cash; but it added nothing to its income. If the cost of thus changing the form of its assets is an expense of the business, it has not yet been paid, and will not be paid until 1940.

[2] The other question is raised by an appraisement of capital assets that was made in 1910. When the corporation was organized, it took over certain real estate, manufacturing plant, and securities, at a valuation, and took over also a large amount of patterns, drawings, tools, and fixtures, without valuing them at all. In 1910 the assets were appraised at their actual value as of December 31, 1909, and by this appraisement the valuation of certain shares of stock of the Standard Steel Works Company was increased $485,000. The value of the patterns, drawings, etc., was fixed for the first time at $2,954,086.72; and the valuation of its real estate was adjusted—raised in part, and lowered in part—the net result being an increase of $593,449.66. Against this total an item not in dispute was charged off, leaving as the balance to be added to the capital valuations on its books the sum of $3,795,461.25. On this sum the government collected a tax of $37,-954.61, and this is the second item in dispute.

We agree with the District Court that this increase of valuation was not income within the meaning of the statute. Nothing whatever was added to the corporate property, which remained exactly the same after the appraisement as before. The only thing done was to put upon the company's books an expression of expert opinion that certain property was worth a certain sum, and this can hardly be said to be income, or even gain, in any proper sense. The company could not become either richer or poorer by making a few book entries that merely recorded a new estimate of how much it was worth.

In each case the judgment is affirmed.