OLD COLONY RAILROAD CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7820.   Promulgated April 25, 1927.

> Bonds were issued at a premium prior to the taxable year and were outstanding at its close. The Commissioner included a pro rata portion of such premium based upon the life of the bonds, in income of the taxable year. *Held*, that no part of such premium is income for the taxable year.

*J. S. Y. Ivins*, *Esq.*, and *O. R. Folsom-Jones*, *Esq.*, for the petitioner.

*M. N. Fisher*, *Esq.*, for the respondent.

79705°—28——65

The taxes in controversy in this proceeding are income taxes for the calendar year 1920. The petition alleges that the following errors were committed in computing the deficiency:

(1) The amount of $6,960.64 has been erroneously added to the taxable income for the year 1920, representing an apportionment of premiums on bonds sold prior to the year 1909.

(2) The amount of $696.06 has been erroneously added to the taxable income for the year 1920, representing an amount equal to the Federal income tax computed on the addition to its taxable income for such year made by the Commissioner, as set forth above, on account of the apportionment of premiums on bonds.

### FINDINGS OF FACT.

The petitioner is, and was in 1920, a Massachusetts corporation with its principal office at Boston.

The New York, New Haven & Hartford Railroad Co. was, during 1920, a corporation existing under and by virtue of the laws of Massachusetts, Rhode Island, and Connecticut.

By a lease dated March 1, 1893, which was in force throughout 1920, the petitioner leased its property to the New York, New Haven & Hartford Railroad Co., and by virtue of such lease the lessee undertook to pay the Federal income and profits taxes of the petitioner upon its taxable income for each taxable year.

During the years 1895 to 1904, inclusive, petitioner issued and sold its bonds for divers amounts, receiving therefor, in addition to the face amount of such bonds, premiums aggregating $199,528.08. Such premiums were credited to a " Premium on Bond " account and remained there undisturbed until 1914, when the Interstate Commerce Commission required the petitioner, for the purposes of its reports to the Interstate Commerce Commission, to amortize such premiums over the periods of the respective lives of the bonds. For the purpose of meeting the requirements of the Interstate Commerce Commission and over its protests to the Commission, the petitioner made such adjustments, and for each year subsequent to 1914 reported a ratable proportion of such premiums to the Interstate Commerce Commission as income. On its books in each such year petitioner credited such proportion of the premiums to profit and loss account (a surplus account) and not to its income account. The amount so credited to profit and loss account for 1920 is $6,960.64. The Commissioner increased petitioner's taxable income for 1920 by such amount of $6,960.64. The Commissioner further increased petitioner's taxable income for 1920 by $696.06, on the theory that the income tax of 10 per cent should be computed upon the amount of $6,960.64, mentioned above, and that this tax, being payable by the petitioner's lessee under the terms of the lease, constituted additional income to the petitioner.

The accounts of the petitioner were kept on the accrual basis.

OPINION.

PHILLIPS : From 1895 to 1904 petitioner sold its bonds at a premium. Those bonds are not yet due.  It is the contention of the Commissionèr that the premium received must be allocated over the life of the bonds and an aliquot part included in income each year during their life.  The converse of the instant case, where bonds were sold at a discount and it was sought to amortize such discount over their life, has been passed upon by the courts in several cases, in each of which it was held that no such amortization was allowable as a deduction from income.  *Baldwin Locomotive Works* v. *McCoach*, 221 Fed. 59; 1 Am. Fed. Tax Rep. 450; *Chicago & Alton Railroad Co.* v. *United States*, 53 Ct. Cls. 41; 3 Am. Fed. Tax Rep. 3385.  A similar conclusion was reached by the Supreme Court in *New York Life Insurance Co.* v. *Edwards*, 271 U. S. 109, where it refused to allow a purchaser of bonds to amortize a premium paid on their purchase.  See also *Corn Exchange Bank* v. *Commissioner*, 6 B. T. A. 158.

The same principles which governed those cases would appear to govern the decision here.  The amortization of the premium on the bonds may be desirable and may be material in keeping accounts for rate-making purposes, but at most it is a matter of accounting and can not give rise to income where no transaction has occurred during the taxable year with reference to the sale, purchase, or payment of the bonds.  We therefore reach the conclusion that the Commissioner erred in treating the amount of the amortization as income.

Without objection on the part of counsel for the respondent, counsel for the petitioner introduced evidence with respect to certain matters not within the issues framed by the pleadings, the decision of which issues would be controlled by the decisions of the Board in the *Appeals of New York, Ontario & Western Railway Co.*, 1 B. T. A. 1172, and *Providence & Worcester Railroad Co.*, 5 B. T. A. 1186.  While presenting such proof counsel carefully refrained from amending the pleadings to raise any issue with respect to such facts and in their brief counsel for the petitioners state that they reserve their rights under such facts until after the courts have passed upon the decision of the Board in the latter case.  We have confined our decision to the issues presented by the pleadings.  There is no deficiency.

*Decision will be entered accordingly.*