Liberty Tobacco Company v. Commissioner.
Liberty Tobacco Co. v. Commissioner
Docket No. 21486.
United States Tax Court
1953 Tax Ct. Memo LEXIS 371; 12 T.C.M. (CCH) 121; T.C.M. (RIA) 53047; February 13, 1953
*371 Respondent is sustained as to his disallowance of the inclusion in petitioner's equity invested capital for excess profits tax purposes of an item of $27,000 taken as representing good will acquired from a predecessor partnership, as the record establishes that the acquisition was in a transaction nontaxable under Section 112 (b) (5), Internal Revenue Code, and no cost basis to the predecessor is shown. Two items reflected in petitioner's surplus and included in equity invested capital and asked by respondent by amended petition to be excluded as unrealized appreciation are held on the record to represent not appreciation but entries recording physical assets acquired by petitioner and properly includible. An item of $5,400 representing an increase in this amount on petitioner's books as a restoration to surplus of dividends paid improperly and surcharged to the stockholder, held on the record to represent an erroneous inclusion in surplus as the payments made in this amount had not at the time been charged against surplus, and the item was consequently subject to elimination from surplus as reflected in petitioner's equity invested capital. Maurice *372 Survis, Esq., 803 Scranton Electric Building, Scranton, Pa., for the petitioner. Edward Pesin, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent has determined deficiencies in excess profits taxes of $8,963.70 and $1,529.27 for the calendar years 1944 and 1945, respectively. These deficiencies arise from respondent's exclusion from petitioner's equity invested capital of an item of $27,000 entered on its books as representing good will acquired by petitioner from a predecessor partnership. By amended answer respondent asks an increase in the deficiency for the year 1945 to the sum of $2,500.29, contending that there should be eliminated from petitioner's asset account three items, two of which are designated on the books as "Appreciation of property accounts," and one designated as "Adjustment of personal accounts due to dividends paid on preferred stock." Certain facts were formally stipulated and are so found. Additional facts were established by evidence introduced on the hearing. Findings of Fact Petitioner is a Pennsylvania corporation with place of business at Scranton, Pennsylvania. Its income and excess profits *373 tax returns for the taxable years were filed with the collector of internal revenue for the 12th district of Pennsylvania. On July 12, 1919, three individuals, Stein, Kitoff, and Segal, formed a partnership under the name of Liberty Tobacco Company to carry on business in wholesale jobbing of tobacco, cigars, candy, and related commodities. This partnership was formed under a formal partnership agreement providing for the contribution by Stein of $10,000 and by the other partners of $2,500 each. The profits of the business were to be divided equally but the interest of the partners in partnership assets was to be in proportion to their contributions to capital. The provision as to original capital contributions appears not to have been complied with, Stein contributing only $7,500. The aforesaid partnership carried on business until the year 1925, when the partners assigned their respective interests in the partnership assets to the petitioner organized by them under Pennsylvania law in 1924. At this time the partnership was indebted to Stein for advances by him in the sum of $30,500. The authorized capital stock of petitioner was 700 shares of common and 300 shares of preferred *374 stock, both of the par value of $100 per share. The 300 shares of preferred stock, in a total face value of $30,000, were issued to Stein in payment of that amount of the partnership's indebtedness to him, the additional $500 of indebtedness remaining as an account payable on the books. Thereupon all of the assets and business of the partnership were transferred to petitioner, which issued in consideration therefor 600 shares of common stock in equal amounts of 200 shares to each of the three partners. At the time of such conveyance of the partnership assets the interest of the three partners therein was equal. The aforesaid partnership during the time that it carried on business had acquired certain exclusive franchises to sell in its territory certain branded items in the tobacco and candy lines. It had some 1,500 accounts with customers. The cost, if any, to the partnership of the aforesaid franchises is not shown. At the time of the hearing the books of the partnership had been lost or destroyed. The petitioner, upon acquiring the assets of the partnership, set up on its books as an asset in the sum of $27,000 "good will" as acquired. Other assets acquired from the partnership *375 were set up at a cost of $33,000, as to which amount respondent raises no question. The item of $27,000, as representing good will, was determined by petitioner's directors as representing, in their opinion, a fair amount. There is no evidence as to the actual value of any good will acquired from the partnership by petitioner, and the amount of $27,000 appears to have been selected as the difference between the $33,000 cost of other assets and the $60,000 in par value stock issued equally to the former partners for all of the assets. Petitioner operated from the date of its organization with varying success until the year 1926 in which Segal, one of the three individuals, died and Kitoff, another, was found guilty of defalcation and forced to give up his connection with the business. Subsequent to this, Stein, under circumstances not disclosed, acquired ownership of all or nearly all of the stock of petitioner. Prior to the death of Segal, who was a bookkeeper and office man, the books of the corporation had been kept by him. When he became ill the services of a regular accountant were secured to direct and audit the bookkeeping. This accountant in 1927 and 1928 made certain adjustments *376 of book accounts which he thought justified. By one of these the property account of the petitioner was increased by the sum of $8,000 which the accountant designated in the book entry as "Appreciation of property accounts." Later he made another adjustment in the sum of $2,579.30 similarly designated. Both of these items were reflected as an increase in surplus of petitioner. This accountant in 1930 made an entry increasing petitioner's surplus by $5,400. This action was taken on the basis of information derived by him that Stein, the owner of petitioner, had been paid in each of the years 1927 through 1929 the sum of $1,800 or a total of $5,400, which he had termed as dividends upon his preferred stock. Knowing that petitioner in those years had no accumulated earnings and profits, the accountant undertook to reverse the charge and surcharge these items to Stein and increase petitioner's surplus in the total amount of $5,400. Respondent, in asking an increased deficiency by amended answer, did so on the ground that the two items by which petitioner's property asset account was increased represented unrealized appreciation and that the item of $5,400 by which surplus had been increased *377 was an entry made in error as surplus had never been charged with the three payments making up that total. The circumstances with respect to the two items of increase of the asset account designated "Appreciation of property accounts" did not represent unrealized appreciation but additions to petitioner's capital made by Stein from personal funds. In 1922 Stein individually had purchased a piece of real estate in Scranton, and after becoming the owner of petitioner this property was transferred by him to petitioner which thereupon built on it a building for its own use. Petitioner's corporate books only reflected the cost to petitioner in the erection of the building, and the accountant having found this to be the fact investigated as to the value of the real estate conveyed by Stein and found that it was appraised at $18,000 and had a bank mortgage of $7,500. On this basis he increased petitioner's asset account by the sum of $8,000. The increase made by the item of $2,579.30 represented expenditures not recorded on petitioner's books but made by Stein from personal funds in the course of the construction of the building. Neither one of these transfers of property by Stein to the *378 corporation is shown to have been for a consideration either in money or stock. Opinion In computing its excess profits credit for the taxable years 1944 and 1945, petitioner included in its equity invested capital the amount of $27,000 which allegedly represented good will acquired from its predecessor partnership in 1925. The primary issue, therefore, is upon the inclusion of that item in petitioner's equity invested capital for excess profits tax purposes. No actual value of this asset at the time of its acquisition by petitioner or its cost to the predecessor partnership is established. Under such circumstances we see no basis for its allowance even if it were established that the transfer of the assets of the predecessor partnership to petitioner was a taxable transaction. Respondent contends that upon the record this transaction must be held to have been a nontaxable transaction within section 112 (b) (5) of the Internal Revenue Code. [1]
*379 We think that respondent must be sustained with respect to this contention. Petitioner argues that the contract of partnership itself establishes definitely that at the time of the transfer of the assets of the partnership to the petitioner the interests of the partners were not equal but were in proportion to the actual contribution by them to the partnership capital upon the organization of the partnership, and that consequently the equal division of the stock issued by petitioner for such assets was not in proportion to the ownership of the recipient in the assets conveyed. It is true that under the contract of partnership at the time of the organization of the partnership the interests of the individual partners in the assets were in proportion to their contributions to capital, but there is nothing in the record to indicate that such interests remained the same and existed in this proportion at the time of the dissolution of the partnership and the conveyance of its assets to the petitioner. The record, on the other hand, indicates strongly that the interests of the three partners at the time of the conveyance were equal. This is shown not only by the fact that the consideration *380 paid for these assets by petitioner was divided equally between the three former partners, but by the testimony of Stein, the president of petitioner, to this effect, and we have found this to be a fact. It follows that this transaction being nontaxable, petitioner took the assets in question at their cost to the predecessor partnership, and as no cost to the partnership of the asset designated as good will is established, respondent is sustained in his disallowance of the item of $27,000 in issue. As to the three remaining issues, respondent has the burden of proof, as these form the basis for the increase in the deficiency asked by him in his amended answer. As to the two items designated on the books as "Appreciation of property accounts," respondent has introduced no evidence other than that designation. It is his contention that the terminology used is that commonly employed in matters of income taxation to describe unrealized appreciation, and that we should find upon the basis of this description in the books alone that the item is of such character. If respondent is correct in his contention, these two items of course would not be subject to reflection in petitioner's *381 surplus. LaBelle Iron Works v. United States, 256 U.S. 377; Baldwin Locomotive Works v. McCoach, 221 Fed. 59; Home Guaranty Abstracts Co., 8 T.C. 617. We think, however, that the record establishes definitely that the two items in question did not represent unrealized appreciation but transfers to the corporation by Stein personally, constituting contributions to capital includible in equity invested capital under section 718 (a) (2), Internal Revenue Code. A different situation exists with respect to the increase in petitioner's surplus in the amount of $5,400. The record on this item establishes the fact by stipulation of the parties that in 1927, 1928, and 1929, when the three payments totaling $5,400 were made which were treated as dividends, no charge with respect thereto was made against surplus. This being the case there was no basis for an increase in surplus when the entries respecting these items were reversed. The petitioner's accountant admitted on the hearing that an increase in surplus would not be proper unless book surplus had been decreased when the payments were made. As to this last item we think that *382 respondent has carried his burden and is entitled to an increase in the deficiency computed upon the basis of his disallowance. Decision will be entered under Rule 50. Footnotes
1. SEC. 112. RECOGNITION OF GAIN OR LOSS. (b) Exchanges Solely in Kind. - (5) Transfer to corporation controlled by transferor. - No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange. Where the transferee assumes a liability of a transferor, or where the property of a transferor is transferred subject to a liability, then for the purpose only of determining whether the amount of stock or securities received by each of the transferors is in the proportion required by this paragraph, the amount of such liability (if under subsection (k) it is not to be considered as "other property or money") shall be considered as stock or securities received by such transferor.↩