THOMAS A. TALLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

THOMAS A. TALLEY AND MARIAN O. TALLEY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 33140, 33141. Promulgated June 30, 1953.

*James Mullen, Esq.,* for the petitioners.
*E. M. Woolf, Esq.,* for the respondent.

716

718

OPINION.

ARUNDELL, *Judge:* Petitioners' income for the years in question was determined by respondent by the "increase in net worth method" because the revenue agent could not reconcile the income reported on the returns with the income shown on the books of account.

Our findings of fact disclose that the petitioner kept his books of account on a completed contract basis, but the books did not carry separate accounts in which could be found the complete gross receipts of petitioner or the complete expenditures for labor and material. This type of information which was called for on the tax returns was available only by making computations from many accounts, and this fact may well be the reason the revenue agent found it difficult to reconcile the return with the books.

The respondent puts his emphasis on the year 1942 as that was the year in which a material understatement of income occurred. His claim for the so-called fraud penalty of 50 per cent is largely based on the understatement of income for that year.

The substantial understatement in 1942 resulted primarily from the omission from gross income of the cost of work in process which under the method employed by the petitioner's wife in preparing the return had been consistently included. This resulted in a difference of approximately $23,000. Although the understatement arose from using as gross receipts the total cash collections rather than following the usual method of reporting gross income, the books disclosed the correct figures from which the gross receipts could have been determined under the usual method. The error was due to the inexperience of the new bookkeeper who supplied the figures used in the return. This was the only year in which the petitioner's wife did not keep the books and the only year in which the information placed on the returns was supplied by another person. As a result, petitioner's wife in preparing the returns unknowingly understated the gross income but there is not the slightest evidence of an intention to defraud.

Turning now from the returns to the books of account, we find that for 1942 and all other years in question the income was properly computed on the books by the completed contract method of accounting.

The extent to which the departure in the returns from the method of accounting followed in the books of account resulted in an understatement of net income in one year and an overstatement in another is not shown by the record before us. This, however, does not affect the basic fact that the method followed in the books was a commonly accepted method and the books were sufficiently accurate and complete for the computation of income for all the years in question. The complete set of books was immediately placed at the respondent's disposal and full assistance and cooperation were given when he audited the returns in 1948. Moreover, prior to that time, the respondent's agents had conducted another examination for the years 1941 to 1944 and found no fault with the books of account or the method of computing the income reported in the return.

Under these circumstances, we find no authority in the respondent to disregard the books of account and resort to the increase in net worth method to determine income. The lack of conformity between returned income and income shown on the books of account and respondent's inability to reconcile the two did not in and of themselves justify the use of the increase in net worth method of reconstructing income. Section 41, Internal Revenue Code; [1] cf. *Edward Walsdorf*, 4 B. T. A. 367; *In re Sheinman*, 14 F. 2d 323; *Bechelli* v. *Hofferbert*, 111 F. Supp. 631.

The limitations of the increase in net worth method are well known. Often it results in an inaccurate statement of income or the placing of income in the wrong year and, at best, it yields only an approximation. It is a method of reconstructing income rather than a method of computing it.

The ordinary method of computing taxable income in accordance with the general pattern of the Code is to subtract allowable deductions from a taxpayer's gross income. The increase in net worth method is, of course, not in accord with this statutory pattern and is permitted by virtue of section 41, Internal Revenue Code, only in unusual circumstances, none of which is present here.

Section 41 provides that "net income shall be computed * * * in accordance with the method of accounting regularly employed in keeping the books" of the taxpayer. The Commissioner's authority under section 41 to compute the income "in accordance with such method as in the opinion of the Commissioner does clearly reflect the income" exists only if no method of accounting has been regularly employed in keeping the books of the taxpayer, or "if the method employed does not clearly reflect the income." See Regulations 111, sections 29.41–1 and 29.41–2. The evidence clearly establishes that neither of those qualifying conditions existed here and we do not believe respondent seriously contends otherwise. An accurate computation of income for all years in question could have been made from the books of account.

In the circumstances, we do not think respondent had authority to determine income for the years in question by the increase in net worth method. Section 41 of the Code; cf. *Edward Walsdorf, supra; In re Sheinman, supra; Bechelli* v. *Hofferbert, supra.*

The years 1945 and 1946 are not barred by the statute of limitations but, having concluded that the respondent should have determined

---

[1] SEC. 41. GENERAL RULE.

The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income.

petitioners' tax liability under the method of accounting regularly employed by petitioners, rather than by using the increase in net worth method, the presumptive correctness of respondent's determinations must fall and we cannot sustain his determinations. Cf. *Helvering* v. *Taylor*, 293 U. S. 507.

It does not follow from what we have said that we should find that there are no deficiencies for 1945 and 1946 and close the proceedings. Following the suggestion of the Supreme Court in *Helvering* v. *Taylor*, *supra*, we think that the parties should be given the opportunity to produce evidence as to the correct tax under the method of accounting regularly employed by the petitioner. On brief, the petitioners' counsel has stated that the petitioners are ready to pay any deficiency so found. If the parties are unable to agree as to the tax liability for the years 1945 and 1946, these proceedings will be reopened on appropriate motion of either party.

After a careful study of the entire record, it is our opinion that respondent has not sustained his burden of proving that the returns as filed for the years in question were false or fraudulent with intent to evade tax or that any part of the deficiency was due to fraud, and it follows that respondent's imposition of the 50 per cent addition to the tax under section 293 (b) cannot be sustained. Absent fraud, the statute of limitations contained in section 275 (a) bars the assessment and collection of any deficiencies for the taxable years 1939, 1942, and 1943.

*Decisions will be entered under Rule 50.*