Ike Hyams and Lena Hyams v. Commissioner.
Hyams v. Commissioner
Docket No. 57395.
United States Tax Court
T.C. Memo 1958-58; 1958 Tax Ct. Memo LEXIS 171; 17 T.C.M. (CCH) 295; T.C.M. (RIA) 58058; April 10, 1958
*171 Charles B. Ginocchio, Esq., Mercantile Library Bldg., Cincinnati, Ohio, for the petitioners. Lyman G. Friedman, Esq., for the respondent. TIETJENS
Memorandum Opinion TIETJENS, Judge: The Commissioner determined deficiencies in petitioners' income tax for the years 1947 through 1951 and made additions to the tax for negligence and for substantial underestimate of estimated tax under sections 293(a) and 294(d)(2) of the Internal Revenue Code of 1939, respectively, as follows: Sec. 294
Year
Deficiency
Sec. 293(a)
(d)(2)
1947
$53,886.77
$2,694.34
$3,405.86
1948
63,320.40
3,210.40
3,874.01
1949
34,814.75
1,740.74
1,815.16
1950
13,545.90
677.30
716.48
1951
49,990.16
2,499.51
3,340.22
By amended answer the Commissioner claimed increased deficiencies in petitioners' income tax for the years 1947 through 1951 and made additions to the tax under sections 293(a) and 294(d)(2), as follows: Sec. 294
Year
Deficiency
Sec. 293(a)
(d)(2)
1947
$127,095.45
$6,354.77
$7,625.73
1948
134,166.96
6,708.35
8,050.02
1949
104,853.68
5,242.68
6,291.22
1950
90,127.20
4,506.36
5,407.63
1951
41,113.90
2,055.69
2,466.83
*172 At the hearing of this case it was stipulated that the additions to tax under section 293(a) were improperly imposed. On brief the Commissioner conceded that the additions to tax under section 294(d)(2) were not applicable to any of the years involved and further that the deficiencies in income tax for the years 1947 and 1948 were barred by the statute of limitations. The Commissioner also conceded that in view of Commissioner v. Sullivan, - U.S. - (March 17, 1958), it was improper to disallow rent and wage payments made by petitioners. There is one issue left for decision; namely, whether the Commissioner properly computed petitioners' net income by use of the expenditures less funds available method. All of the facts were stipulated. They are found as stipulated and are incorporated herein by reference. [Findings of Fact] The petitioners are husband and wife, residing in Cincinnati, Ohio. They filed joint income tax returns for the years 1947 through 1951 with the collector of internal revenue for the first district of Ohio. During the years 1947 through 1951 petitioner Ike Hyams was engaged in numerous gambling enterprises, chiefly that of accepting wagers on horse *173 races. Petitioners' net income and income tax paid was shown on their tax returns for the years 1947 through 1951 to be as follows: Income
Year
Net Income
Tax Paid
1947
$ 78,520.23
$44,997.64
1948
108,156.87
51,358.74
1949
42,621.01
13,437.88
1950
89,928.68
41,395.44
1951
23,648.19
6,346.80
The Commissioner concedes that petitioners' books and records tie in with their tax returns. Nevertheless he recomputed petitioners' net income by the expenditures less funds available method and determined that petitioners understated their net income for the years 1947 through 1951 in the following amounts: Understatement
Year
of Net Income
1947
$64,927.53
1948
88,541.10
1949
60,289.32
1950
20,298.32
1951
81,352.14
Under the expenditures less funds available method, petitioners' expenditures were determined, then the sources of the amounts expended were determined and deducted from the former. The difference was considered to be an understatement (or overstatement) of net income. The parties stipulated that the expenditures less funds available method resulted in the following: Excess of Funds
Excess of Funds
Applied (Under-
Available
statement of
(Overstatement
Year
net income)
of net income)
1947
$13,971.71
1948
$ 6,129.00
1949
6,820.87
1950
13,780.57
1951
14,168.76
*174 The Commissioner contends that these figures speak for themselves and that since he has conceded that the years 1947 and 1948 are barred by the statute of limitations, petitioners' net income for the open years should be computed accordingly without regard to the barred years. Petitioners contend that the Commissioner's method for computing their net income is unjustified since it disregards their books and records and rests solely on suspicion of the occupation of petitioner Ike Hyams. Petitioners argue that the method employed by the Commissioner in computing their income is subject to gross error for various reasons among which is the fact that it does not make allowance for cash on hand at the beginning or end of any taxable year. Petitioners also argue that if we accept the Commissioner's method of computing their income, then the excess of funds available at the end of 1948 ($6,129) should be offset against the excess of funds applied during 1949 ($6,820.87) leaving a deficiency of only $691.87 for 1949, and likewise the excess of funds available at the end of 1950 ($13,780.57) should be offset against the excess of funds applied during 1951 ($14,168.76) leaving a deficiency *175 of only $388.19 for 1951. [Opinion] The expenditures less funds available method is not a system of accounting. Eugene Vassallo, 23 T.C. 656 (1955). It is a method of reconstructing income rather than computing income, and it is clear that such a method of reconstructing income can result in an inaccurate statement of income or the placing of income in the wrong year. See Thomas A. Talley, 20 T.C. 715 (1953). The expenditures less funds available method, just as the net worth method is apt to do, results in only an approximation of petitioners' net income. One of the serious errors of the expenditures less funds available method is, as petitioners point out, that it does not make allowance for funds available at the beginning or end of any taxable year. The inequity of disregarding such funds is perfectly demonstrated in this case. The Commissioner agrees that at the end of the years 1948 and 1950 petitioners had funds available in excess of funds applied in the respective amounts of $6,129 and $13,780.57. Yet in determining the amount of funds applied in excess of funds available during the years 1949 and 1951 (and consequent alleged understatement *176 of net income) he ignores the excess of funds available at the beginning of those years as a carryover from the immediately succeeding years. In our opinion this is erroneous since we think it is more than likely that some, if not all, of the excess funds available at the end of the years 1948 and 1950 were spent in the immediately succeeding years, thus accounting for a part of the excess of funds applied during those years. The errors we have found in the Commissioner's application of the expenditures less funds available method casts grave doubt upon its reliability as evidence of unreported income. If the excess of funds available at the end of 1948 and 1950 is carried over to the years 1949 and 1951, respectively, and offset against the excess of funds applied those years, there results a total unreported net income of only $1,080.06 for the 3-year period 1949 through 1951. During that 3-year period petitioners reported net income on their tax returns in the amount of $156,197.88. Thus there would be an understatement of net income in an amount which is less than 1 per cent of the amount actually reported on the tax returns over a 3-year period. And this negligible understatement *177 of net income would have been determined by a method of reconstructing income which results only in an approximation of income. On the record we conclude that the method by which the Commissioner determined petitioners' net income for the years 1949 through 1951 fails to disclose unreported income. See Thomas Talley, supra. This conclusion is strengthened by the Commissioner's concession that the "returns and the books tie together" and the fact that the accuracy of the books is not attacked except through whatever inferences may be drawn from the stipulated figures. Decision will be entered for the petitioners.