TAMMIE SUE MARKHAM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Markham v. Commissioner
Docket No. 19337-88
United States Tax Court
T.C. Memo 1991-430; 1991 Tax Ct. Memo LEXIS 479; 62 T.C.M. (CCH) 645; T.C.M. (RIA) 91430; September 3, 1991, Filed *479 Decision will be entered for the respondent in the increased amounts set forth in the amended answer. Mary P. Kimmel, for the respondent. CLAPP, Judge. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a deficiency in and additions to petitioner's 1986 Federal income tax as follows: Additions to tax under section
Deficiency
6653(b)(1)(A)
6653(b)(1)(B)
6654
6661
$ 124,057
$ 93,043
*
$ 6,003
$ 31,014
Respondent amended his answer to assert an increase in the deficiency and additional amounts of additions to tax for 1986 as follows: Additions to tax under section
Deficiency
6653(b)(1)(A)
6653(b)(1)(B)
6654
6661
$ 289,687.50
$ 217,265.38
*
$ 14,015
$ 72,422
*480 The issues for consideration are: (1) Whether petitioner had income in 1986 from the importation and sale of illegal drugs in the amount of $ 843,675; (2) whether petitioner fraudulently intended to evade taxes due and owing for 1986 pursuant to section 6653(b)(1)(A) and (B); (3) whether petitioner is liable for self-employment tax for 1986 pursuant to section 1401; (4) whether petitioner failed to pay estimated income tax for 1986 pursuant to section 6654; and (5) whether petitioner is liable for an addition to tax for a substantial understatement of liability for 1986 pursuant to section 6661. All section references are to the Internal Revenue Code for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Petitioner resided in Clinton, Ohio, when she filed her petition. She did not file a Federal income tax return for the taxable year 1986. During 1986, petitioner was involved in the sales and importation of marijuana and cocaine. Petitioner became involved in the illegal drug business in 1979 when she cleaned "stash" houses for her brother. In 1984, she became an equal partner with Woodrow Wilson Brown (Brown) *481 in a drug sales business that they operated out of Tucson, Arizona. In 1985 and 1986, a typical drug deal would start with suppliers from Mexico or Colombia contacting petitioner and Brown and notifying them of the amount of drugs that were available for purchase. Pilots would fly the drugs into the United States and drop them out of planes where they would be collected by petitioner's employees and driven to various "stash" houses in Tucson. From Tucson, the drugs would be sold and distributed to petitioner's customers throughout the United States. In 1986, petitioner and Brown started a separate business of importing cocaine into the country for others on a fee basis. Petitioner dealt in cash while conducting these drug businesses, and she kept detailed ledgers in which she recorded the transactions. In 1986, petitioner placed hundreds of thousands of dollars in a safe deposit box in Las Vegas. On June 18, 1986, petitioner and Brown were arrested at a home in Tucson. Petitioner's ledgers, cocaine, and approximately $ 200,000.00 in cash were seized at the time of the arrest. On August 11, 1987, the United States Attorney for the District of Arizona filed a criminal information *482 against petitioner, accusing her of unlawful possession with intent to distribute over 100 kilograms of marijuana (Count 1) and of income tax evasion for the year 1986 (Count 2). Count 2 of the information alleged: That during the calendar year 1986, the defendant, TAMMI SUE MARKHAM, a resident of the District of Arizona had and received a taxable income of about $ 843,675.00, that upon said taxable income she owed to the United States of America income tax of $ 408,818.50, that she was required by law on or before April 15, 1987, to make an income tax return to the Internal Revenue Service, and to pay such income tax; that well knowing the foregoing facts, the said TAMMI SUE MARKHAM on or about April 15, 1987, in the District of Arizona, did willfully and knowingly attempt to evade and defeat the said income tax due and owing by TAMMI SUE MARKHAM to the United States of America for said calendar year by failing to make such income tax return to the Internal Revenue Service, and by failing to pay to said Internal Revenue Service said income tax, and by concealing and attempting to conceal from all proper officers of the United States of America her true and correct taxable income, *483 in violation of Title 26, United States Code, Section 7201.
Also on August 11, 1987, petitioner agreed to enter a guilty plea to both counts of the information and to cooperate with agents of the United States by providing statements and information concerning her involvement and the involvement of others in drug trafficking and related activities. Petitioner provided Federal agents with a detailed explanation of her ledgers and a comprehensive narrative of the operations of her drug businesses, starting from her first involvement in 1979 until her arrest in 1986. Petitioner did not appear when the case was called from the calendar or when the case was called for trial on May 14, 1990. OPINION Petitioner concedes in her reply to respondent's original answer that she was involved in the sales of illegal drugs in 1986, and that she did not file an income tax return for that year. We must establish the correct amount of unreported income. Respondent prevails as to the deficiency determined in his notice of deficiency, including all additions to tax except the additions to tax for fraud. Petitioner's failure to appear at trial and submit any evidence results in her default *484 and/or her failure to carry her burden of proof. Rules 123(a), 142(a); Doncaster v. Commissioner, 77 T.C. 334 (1981). Subsequent to the filing of his original answer, respondent learned that petitioner, in her plea agreement with the United States Attorney's office, had admitted that she received taxable income of approximately $ 843,675 and had agreed to plead guilty to tax evasion in 1986. As a result, respondent amended his answer and determined an increased deficiency and corresponding amounts of additions to tax. With respect to this increased deficiency and corresponding amounts of additions to tax and the entire additions to tax for fraud, the burden of proof is on respondent. Rule 142(a) and (b). Respondent relies on petitioner's statements to Federal agents regarding her activities and conduct prior to and including the year in issue, and on petitioner's ledgers to carry his burden. Respondent presented two witnesses at trial, John DelFrari (DelFrari), a special agent with the Criminal Investigation Division, and Ronald Swallow (Swallow), a revenue agent. Both witnesses testified that they had reviewed petitioner's ledgers. DelFrari met with petitioner *485 during the investigation of her criminal case and together they analyzed her ledgers as part of the plea agreement. He testified that petitioner agreed she had approximately $ 842,000 of net profit from her drug businesses in 1986. Swallow reviewed petitioner's books, records, and her personal statement and from them prepared various schedules showing cash disbursements, costs of goods sold, profits, and losses. Petitioner's ledgers detailed the names of customers, the dates and amounts of their purchases, fees collected from the import business, and cash disbursements for expenses. From these records, Swallow ascertained gross receipts from petitioner's drug sales business in 1986. From this dollar amount, he subtracted the cost of goods sold to determine gross profit. Included in the cost of goods sold amount were the actual costs of the drugs, pilots' fees, and all costs incurred in transporting the drugs to and storing the drugs in the various "stash" houses. For petitioner's cocaine importation business, he determined that the actual fees received by petitioner were gross profit. No deduction or credit was allowed for any expenses incurred in connection with either drug *486 business. See sec. 280E. The gross profit for the two drug businesses in 1986 was $ 3,121,808. Swallow reduced this amount by $ 123,323, which was 40 percent of net profit from a separate joint venture and was paid to other individuals. This resulting amount was further reduced by 50 percent to allow for Brown's share of profit. Swallow determined that petitioner's net income from her drug businesses in 1986 was $ 1,499,242. However, only $ 843,675 has been placed at issue by respondent's notice of deficiency and amended answer. Details about the various drug transactions in 1986 were regularly entered into petitioner's ledgers, including amounts received from sales transactions, import fees, labor costs, and expenses. These ledgers were sufficiently complete and adequate for the computation of petitioner's income for 1986. Moreover, petitioner's ledgers were placed at respondent's agents' disposal for review, and petitioner gave her full assistance and cooperation in deciphering them for DelFrari. Respondent worked directly from petitioner's records to determine the amount of income petitioner earned in 1986. We find respondent's use of petitioner's records to be a reasonable *487 and accurate method of reconstructing her income for 1986. See Talley v. Commissioner, 20 T.C. 715 (1953). Accordingly, respondent has met his burden of proving that petitioner had additional income in the amount of $ 578,775. Next we must decide whether petitioner fraudulently intended to evade tax due for 1986 pursuant to section 6653(b)(1)(A) and (B). The burden of proof is on respondent to show by clear and convincing evidence that the underpayment is due to fraud. Rule 142(b); sec. 7454(a); Stone v. Commissioner, 56 T.C. 213, 220 (1971). Because, however, direct proof of a taxpayer's intent is rarely available, fraud may be proven by circumstantial evidence. Stephenson v. Commissioner, 79 T.C. 995, 1005-1006 (1982), affd. 748 F.2d 331 (6th Cir. 1984). Based on the entire record in this case, we are convinced that petitioner's failure to report the income from her drug businesses in 1986 was due to her intent to conceal such income and defeat the payment of tax thereon. The following facts support a finding of fraud: (1) Petitioner engaged in illegal drug activities; (2) she failed to file a tax *488 return; (3) she concealed large amounts of cash in a safe deposit box in Las Vegas; (4) she dealt in cash and purchased assets using false identities to avoid scrutiny of her activities; and (5) she failed to make estimated tax payments. See Bradford v. Commissioner, 796 F.2d 303, 307, 308 (9th Cir. 1986), affg. a Memorandum Opinion of this Court. Further, petitioner's agreement to plead guilty to the charge of tax evasion for 1986 is an admission of guilt of the substantive crime. See United States v. Broce, 488 U.S. 563, 102 L. Ed. 2d 927, 109 S. Ct. 757 (1989). We therefore hold that petitioner is liable for the additions to tax pursuant to section 6653(b)(1)(A) and (B). Respondent has the burden of proving that petitioner is liable under section 6654 for failure to pay estimated income tax in the additional amount of $ 14,015. This section is mandatory, and extenuating circumstances are irrelevant. Estate of Ruben v. Commissioner, 33 T.C. 1071 (1960). Since we have held that petitioner is liable for the deficiency asserted by respondent, and since petitioner does not come within the exceptions listed under section 6654(e), she is liable for the *489 addition to tax for failure to pay estimated tax for 1986. Respondent has taken the position and this Court has held that the self-employment tax is imposed on individuals engaged in illegal activities where they otherwise qualify. See Rev. Rul. 60-77, 1960-1 C.B. 386; Eschweiler v. Commissioner, T.C. Memo 1989-601. Petitioner has admitted that she was involved in the sales and importation of illegal drugs in 1986. Since we hold that she had income in 1986 from these illegal drug businesses well in excess of the statutory threshold, see section 1402(b)(2), she is liable for self-employment tax. Respondent also has the burden of proving that petitioner is liable for an addition to tax for substantial understatement of liability, pursuant to section 6661, in the additional amount of $ 72,422. A "substantial understatement" is an understatement of tax on a return that exceeds "the greater of 10 percent of the tax required to be shown on the return for the taxable year, or $ 5,000." Sec. 6661(b)(1)(A)(i) and (ii). Petitioner did not file a return and therefore did not report any of the income she received from her drug businesses *490 in 1986. Where a return is not filed, the amount of tax liability considered to have been reported is considered to be zero. See Hesselink v. Commissioner, 97 T.C. 94 (1991). Accordingly, we hold that petitioner had a substantial understatement of tax for 1986 and is liable for the addition to tax under section 6661. Decision will be entered for the respondent in the increased amounts set forth in the amended answer. Footnotes
*. 50 percent of the interest due on $ 124,057.↩
*. 50 percent of the interest due on $ 289,687.50.↩